# CASES

# SUPREME JUDICIAL COURT,

# EASTERN DISTRICT,

## 1853.

## COUNTY OF WASHINGTON.

### COLUMBUS INSURANCE COMPANY *versus* EATON & al.

In a trustee process, if no tangible property of the principal defendant has been attached, and if neither he nor the supposed trustee reside within the State, the Court has no jurisdiction.

In such a suit, a judgment rendered against the trustee, is merely void.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT upon an unnegotiable promissory note.

The defence was that, in a suit brought by McAdams and others against these plaintiffs, in the District Court for this county, the defendants had been summoned and charged as trustees of these plaintiffs.

In the trustee suit, the writ described the Columbus Insurance Company, (then defendants, but plaintiffs in this suit,) to be of Columbus, in the county of Franklin and State of Ohio; and also described these defendants, (then the supposed trustees,) to be of St. Stephens in the county of Charlotte and Province of New Brunswick.

That writ was served upon these defendants, the then sup-

posed trustees,) by a reading of the writ in their hearing, and upon the insurance company, then defendants, by attaching a chip as their property and by leaving a true and attested copy of the writ at the last and usual place of abode of Noah Smith, Jr., their agent.

The case was submitted to the Court; a nonsuit or default to be entered according to the law of the case.

*Downes* and *Cooper*, for the plaintiffs, among other considerations, urged that the said adjudication, charging these defendants as trustees, was merely void, because the Court, by which the adjudication was made, had no jurisdiction; inasmuch as neither the then defendants or their supposed trustees were of this State; no service having been made upon said defendants and no property of theirs having been attached.

*Chase,* for the defendants.

HATHAWAY, J. — Assumpist on the defendants' promissory note, not negotiable,. made by them payable to the plaintiffs. The defence was that the said Henry F. and Joseph E. Eaton had been adjudged the plaintiffs' trustees, by the Court in Washington county, for the amount of the note, in a joint action brought by John McAdams, Henry F. Eaton, Joseph E. Eaton and James G. Kimball; and it appears that the defendants were summoned as the plaintiffs' trustees in the suit, and were defaulted, and were adjudged trustees.

But the plaintiffs contend that the defendants cannot avail themselves of the proceedings in the foreign attachment, because, they say, the two Eatons were both plaintiffs and trustees in that suit. This proposition would be correct if such were the facts presented by the report. But the case does not show that the Eatons, who were plaintiffs, and the Eatons, who were trustees, are the same persons; there is no proof of their identity except that they had the same names, and place of residence. If they were the same persons, and the plaintiffs wished to avail themselves of that fact, they should have

established it, by the necessary proof upon proper pleadings. *Belknap & als.* v. *Gibbens & trustee,* 13 Met. 471.

In the trustee process, " The President and Directors of the Columbus Insurance Company," who were the defendants, were described as of the State of Ohio ; and Henry F. Eaton and Joseph E. Eaton, two of the plaintiffs in that process, and Henry F. Eaton and Joseph E. Eaton, who were summoned as, and adjudged, trustees therein, were described as of St. Stephens in the Province of New Brunswick.

The case does not find that the insurance company appeared in, or answered to that suit. The Court had no jurisdiction over them, so as to render a judgment personally binding on them, or binding upon their property or credits in the Province of New Brunswick. Story's Conflict of Laws, § 549.

In *Lovejoy* v. *Albee,* 33 Maine, 414, the Court held that § 12 of c. 119, of the R. S., has reference to a case in which this Court has jurisdiction of the suit, between the principal parties ; but the Court did not obtain such jurisdiction in the process of foreign attachment against the Eatons, as the plaintiffs' trustees, and according to the decision in *Lovejoy* v. *Albee,* the judgment charging them as such, was " merely void."

It is unnecessary to consider the other questions presented in the case, and, as agreed by the parties, a default must be entered.

SHEPLEY, C. J., TENNEY, RICE and APPLETON, J. J., concurred.