Beck, J.
The petition shows that notice of the action wherein the judgment was rendered was served upon the defendant therein, who is the plaintiff in this proceeding. It is then not a case of want of notice, but of defective and insufficient notice. The form of the notice, manner and tim.e of the service, are all prescribed by the statute. It cannot be said that want of compliance with these requirements is a case of want of notice, and that a judgment rendered thereon is without notice, and, consequently, without jurisdiction of the person of defendant. The petition avers that, in fact, the defendant was served with notice, but alleges that the service was defective and insufficient. .The justice adjudged the service to be sufficient. In this he erred, but his error should have been corrected as other errors, by appeal or otherwise, as provided by law, and not by another action, as is attempted in this proceeding. A notice, it is insisted, is necessary to give the justice jurisdiction of the person of defendant in an action, and without such jurisdiction he cannot render judgment, let this be admitted. But the defendant in the proceeding in 'question did have notice. The judgment is not, therefore, a violation of that principle of the law which secures to him notice of the suit instituted against him. Shawhan v. Loffer, 24 Iowa, 217; Ballinger v. Tarbell, 16 id. 491.
The judgment of the district court sustaining the demurrer is
Affirmed.