Dougherty v. McManus *et al.*

1. **Jurisdiction: DEFECTIVE NOTICE.** A *defective* notice does not affect the jurisdiction of the court or the validity of its proceedings. Such a case is not one of no notice, but of defective notice, upon the sufficiency of which the court had a right to pass.

2. **Judgment: WHEN PERSONAL.** A judgment against "Daniel Dougherty, Treasurer," is a personal one. The word "treasurer" is merely *descriptio personæ*.

*Appeal from Cerro Gordo District Court.*

THURSDAY, JUNE 19.

THE plaintiff filed his petition for an injunction restraining R. S. McManus, as plaintiff in justices' court, from proceeding to collect a certain judgment, and enjoining Patrick Moran as constable from making any levy or sale under an execution issued for the enforcement of the judgment. The petition alleges that the judgment was entered by default in the justices' court, upon a notice as follows:

"DANIEL DOUGHERTY, *Treasurer.*— You are hereby notified that R. McManus, president of board of sub-directors, claims of you the sum of twenty-eight dollars and     cents, as justly due the board of sub-directors, and that unless you appear before Thomas H. Harris, a justice of the peace in and for the township of Dougherty, in said county, at 10 o'clock A. M. on the 6th day of July, 1872, and make defense to said claim, judgment will be rendered against you for that amount and costs.

"Dated at Dougherty this 28th day of June, 1872.

"THOMAS H. HARRIS, *Justice of the Peace.*"

A temporary injunction was allowed on the 12th day of July, 1872, by the judge of the second circuit of the twelfth judicial district. At the October term, 1872, of the district court, the defendants demurred to the petition upon the

ground that it does not state facts sufficient to constitute a cause of action.

This demurrer was sustained, and the temporary injunction was dissolved.

Plaintiff excepted, and appeals.

*Card & Miller* for the appellant.

*Hartshorn & Flint* for the appellee.

DAY, J. — It is not questioned that this notice was properly served; but it is insisted that the notice itself is not sufficient to confer jurisdiction and that the judgment rendered upon it is void.

It is claimed that the notice is defective in three particulars:

*First.*—That it is uncertain as to plaintiff, in that it does not state of what board of sub-directors R. McManus, the plaintiff, is president.

*Second.*—That it is uncertain as to defendant, in that it does not state of what the defendant, Daniel Dougherty, is treasurer.

*Third.*—That it does not state the cause or ground of the claim of $28. And in these respects it is claimed the notice fails to comply with the requirements of sections 3860 and 3861 of the Revision.

It may be conceded that the notice is irregular and technically defective, and that the justice might properly have held that it was insufficient to confer jurisdiction, and refused to entertain the same, and yet it by no means follows that his judgment is void, and as such may be collaterally assailed. It is not a case of no notice. The most that can be said is that it is a case of defective notice. The defendant is advised that R. McManus, president of a board of sub-directors, claims of him, treasurer, $28. He is personally served with notice which advises him of the time when and place where this demand will be urged against him.

If he did not know of what he was treasurer, and it was material that he should be advised, he might have asked that the notice be made more certain in this regard. And the same is

true respecting the capacity in which the plaintiff sues. And if he deemed a more specific statement of the ground or cause of claim necessary to enable him to interpose his defense, he might have secured the same. And then·if not prepared to defend, because of absence of witnesses, he might have procured a continuance under section 3870 of the Revision. But having suffered judgment to go against him by default, he cannot now insist that it is void. If the justice erred in holding the notice sufficient, the error should have been corrected as other errors, by writ of error or appeal as provided by law. See *Shea* v. *Quintin*, 30 Iowa, 58 ; *Shawhan* v. *Loffer*, 24 id. 217 ; *Ballinger* v. *Tarbell*, 16 id. 491 ; *Moody* v. *Taylor*, 12 id. 71, arose prior to the Revision, and in that case it was held the cause should have been continued for notice, not dismissed for want of jurisdiction.

The petition alleges that the justice rendered a judgment "against said Daniel Dougherty, treasurer," and that the constable, Patrick Moran, "is about to levy said execution upon the property of said Daniel Dougherty, personally." And it is claimed that this alone affords ground for equitable relief.

It is to be observed that the petition does not allege that the judgment was rendered against Daniel Dougherty, *as treasurer*, but against *Daniel Dougherty, treasurer*. This is a personal judgment against him, and the only way that it can be satisfied is by taking his property in discharge of it.

The word " treasurer" is merely *descriptio personae*.

Affirmed.