WOODBURY v. MAGUIRE.

1. **Original Notice:** INSUFFICIENCY OF: PRACTICE. Where a defective and insufficient notice has been passed upon by the trial court and adjudged sufficient, the judgment thereon rendered cannot be attacked. in a collateral proceeding.

2. ——: ——: RULE APPLIED. The petition claims a certain sum for money laid out and expended at the request of defendant in the purchase of 150 tierces of hams, and at his request shipped to New York. Service was made by publication of the original notice, stating the cause of action to be indebtedness for the same amount as stated in the petition, " as money justly due on account of 150 tierces of hams sold and delivered to you at your request." Judgment was rendered by default: *Held*, that an action would not lie to set aside a sale of land under the judgment.

| 42 | 339 |
|----|-----|
| 89 | 482 |
| 42 | 339 |
| 92 | 641 |
| 42 | 339 |
| 103 | 323 |
| 42 | 339 |
| 104 | 381 |
| 42 | 339 |
| 125 | 375 |

*Appeal from Floyd District Court.*

TUESDAY, MARCH 21.

FRANCIS W. CRANE & Co. brought an action in the District Court of Floyd county against F. P. Woodbury, appellant, alleging in their petition that Woodbury was a non-resident of Iowa. Service of the original notice was had by publication. Judgment by default was rendered. The action was aided by attachment, and 160 acres of land in said county,

were levied upon. Special execution issued and said land was sold to Hugh Ferguson, one of the firm of plaintiffs, for the amount of the judgment and costs. Shortly thereafter a deed was made by Ferguson to Constantine Maguire, the appellee herein.

This action was brought by Woodbury against Maguire to quiet title to said real estate, and alleging that the court had no jurisdiction to render judgment in the original cause, for the reason that the cause of action set forth in the original notice, published in said cause, was another and different cause of action from the one set forth in the petition.

Defendant demurred to the petition for the reasons: First, that the petition showed that the court had jurisdiction, and second, that said court, as a court of equity, could not set aside and annul a judgment at law.

The demurrer was sustained and cause dismissed, and plaintiff appeals.

*Starr, Patterson & Harrison,* for appellant.

Where the cause of action in the petition is different from that stated in the original notice, the court acquires no jurisdiction. (*Moody v. Taylor,* 12 Iowa, 71.) In proceedings *in rem,* when notice is served by publication only, the notice must contain a correct description of the cause of action, or the proceedings will be void. (*Gaylord v. Scarff,* 6 Iowa, 179; *Abell v. Cross,* 17 Id., 171.) Where service is made by publication, the law exacts a strict compliance with the statutory requirements. (*Bardsley v. Hinds,* 33 Iowa, 157; *Pollard v. Wegener,* 13 Wis., 569.)

*Hand & Spriggs* and *Lucian Eaton,* for appellee.

In proceedings by attachment, where land is attached, the jurisdiction attaches the moment the levy is made. (*Tiffany v. Glove,* 3 G. Greene, 387; Drake on Attachment, § 239; *Darrance v. Preston,* 18 Iowa, 399; Story on Confl. of Laws, §§ 539, 549, 591–3; *Gilman v. Thompson,* 11 Vt.) Only a general statement in the notice is required of plaintiff's cause

of action to confer jurisdiction. (*Harkins v. Edwards &
Turner*, 1 Iowa, 296; *Peddicord v. Weyman & Whitman*, 9
Id., 473; *Moody v. Taylor*, 12 Id., 71; *York v. Boardman*,
40 Id., 57.)

ROTHROCK, J.—The petition in the case of Francis W.
Crane & Co. v. Woodbury, as its cause of action, states that
Woodbury is indebted to plaintiffs in the sum of $1,429.54,
with interest from Sept. 19th, 1871, for money laid out and
expended, at the request of defendant, in the purchase, at his
request, of 150 tierces of hams in July, 1871, at St. Louis,
and shipped to the City of New York, at defendant's request.
That defendant refused to receive said hams at New York,
and the same were sold on his account at a loss of $1,429.54.
The statement of the cause of action in the original notice,
which was published, is in substance as follows: "———
claiming of you $1,429.54, and interest thereon at six per
cent from September 19, 1871, as money justly due *on
account for one hundred and fifty tierces of hams sold and
delivered to you at your request*." The petition contains the
necessary allegations for writ of attachment, and the neces-
sary affidavits were made to authorize the publication of the
original notice, and proper publication and proof thereof
were made, and the only question presented is whether the
statements of the original notice were sufficient to give the
court jurisdiction to enter the default and judgment. It is
proper to say that the petition contains the necessary allega-
tions denying the justice of the original claim, and such as, if
true, and there was no jurisdiction, would authorize a court of
equity in relieving against the judgment. *Coon v. Jones*, 10
Iowa, 131. It is true that the notice does not technically set out
the same cause of action as that contained in the petition. The
former is on account for hams sold and delivered, and the latter
for damages for failure to receive hams purchased by plain-
tiffs for defendant. The subject matter, one hundred and fifty
tierces of hams, is the same, the amount claimed and interest
are the same, and both are based on contract. In all other
respects the notice is regular.

It may be conceded that the notice is defective and irregular; nay, even that its statement of the claim is repugnant to that contained in the petition, and that the District Court might properly have held that it was insufficient, or if held sufficient, the error could have been corrected by appeal or otherwise, as provided by law. It is not a case of want of notice, but of insufficient and defective notice; and, having been passed upon and held sufficient by the District Court, the judgment rendered thereon cannot be questioned in this collateral proceeding. See *Daugherty v. McManus*, 36 Iowa, 657; *Shea v. Quintin*, 30 Iowa, 58; *Ballenger v. Tarbell*, 16 Id., 491; *Moody v. Taylor*, 12 Id., 71; *Baker v. Chapline*, 12 Id., 204.

1. ORIGINAL notice: insufficiency of: practice.

In *Moody v. Taylor* the defect consisted in not stating the cause of claim in the notice, and this court held that the cause should have been continued for service of notice and not dismissed for want of jurisdiction. It was under the Code of 1851. It is true that in most, if not all, of these cases the service was personal, while in this case it is by publication. It is conceded, however, that it was regular with the exception we have just been discussing. This gives it the same validity, so far as rendering a judgment upon which the attached property could be appropriated, as though the service were personal, and the record in this case shows that Woodbury was advised of the judgment within two years, and might have had a new trial as provided by statute. He chose rather to attack the judgment collaterally, and we unite in holding that it cannot be successfully done.

AFFIRMED.