THE FARMERS' INSURANCE CO. v. HIGHSMITH ET AL.

1. **Jurisdiction:** ORIGINAL NOTICE. An original notice which in all other respects conformed to the statute was held to be in sufficient compliance with the requirements of the Revision, when it notified the defendant to appear at the *next* term, without explicitly naming the term.

2. ———: ———. The return of the officer, showing that service was made upon defendant's agent, "in the city of Waterloo, August 5, 1872," and that the agent refused to receive a copy, was *held* to be sufficient.

3. ———: ———: INSUFFICIENCY OF: DEFECTIVE SERVICE. When a notice which is defective or the service of which is informal, has been adjudged sufficient, the judgment rendered thereunder will not be held void in a collateral proceeding.

4. ———: ———: PRINCIPAL AND AGENT: INSURANCE. It is not necessary, to confer jurisdiction of an insurance company, that service be made upon a general agent, and one who is an agent to solicit risks and resides in the county may be served with notice in an action against the company.

5. **Constitutional Law:** TITLE OF STATUTE. Chapter 95, Laws of 1872, entitled "An Act providing the place of bringing suits in certain cases," is not vulnerable to the constitutional objection that the subject matter of a part of the act is not embraced in the title.

*Appeal from Black Hawk District Court.*

WEDNESDAY, OCTOBER 18.

THE petition in this case alleges that in November, 1872, the defendants recovered a judgment for $1,155.17, in the

Circuit Court of Black Hawk county, against the plaintiffs on a policy of insurance. It is claimed that said judgment is void for the reason that no original notice was ever served on the plaintiff herein, and that plaintiff had no knowledge of the action on said policy until after the final adjournment of the term at which said judgment was rendered.

It is further alleged that plaintiff has a good and meritorious defense to the cause of action on said policy, to-wit:

That in the application for insurance, and the policy, it was stipulated that should any loss or damage occur to the property, and the note given for the premium, or any part thereof, remain past due and unpaid at the time of such loss, then the policy should be void. That defendants gave a note for the premium, and at the time of the loss by fire said note was past due and unpaid.

The answer denies the allegations as to the want of service of an original notice, and pleads extension of time for payment of the premium note. The action being in equity the proper motion was made for the trial of the cause on written evidence, and the court below after trial on the merits dismissed the petition at plaintiff's cost. Upon plaintiff's appeal the case is here for trial anew.

*Miller & Preston*, for appellant.

*Boies & Couch*, for appellees.

ROTHROCK, J.—I. This is an original action in equity to annul a judgment in an action at law, for an alleged want of jurisdiction of the person of the judgment defendant. The question upon which the case must be determined is that of jurisdiction alone.

If the Circuit Court had jurisdiction, in the absence of fraud the judgment cannot be impeached by a suit in equity. It is 1. JURISDIC- first insisted by plaintiff that the original notice TION: origin- al notice. was insufficient to confer jurisdiction, for the reasons that it does not fix by *name* the term of court at which defendant was required to appear, and it does not notify

defendant that default will be entered against it, if it does not appear.

It is not necessary to set out the original notice at length. It is enough to say that it is entitled "State of Iowa, Black Hawk county. In Circuit Court, August Term, 1872," and properly informs the defendant of the claim made, and concludes as follows:

"Unless you appear thereto and defend on or before noon of the second day of the next term of said Circuit Court, to be begun and held in said county of Black Hawk, at the courthouse therein, on the 19th day of August, 1872, judgment will be rendered against you thereon."

The statute, Rev., 2812, required that the original notice should name the term at which the defendant was required to appear. It, however, does not prescribe the language to be used. It seems to us that the notice in this case is full and explicit, and requires defendant to appear at the next term, giving the day of the commencement thereof. In regard to the other objection, it is enough to say, that as defendant was notified that for failure to appear a judgment would be rendered, the law advised the party that a default may be entered for want of appearance.

II. It is next urged that the service of the notice was 2. —: ——: insufficient to give jurisdiction. It is in these words:

"*State of Iowa, Black Hawk County—*

"I hereby certify that I received the within notice August 5, 1872; that I served the same by reading the same to H. H. Crocker, agent for the Farmers' Insurance Company, in the city of Waterloo, August 5, 1872. The said H. H. Crocker refusing to receive a copy of the same.

W. F. BROWN,
*Sheriff, Black Hawk county, Iowa.*"

The statute, Sec. 2817 of the Revision, provided that "if served personally, the service must state the time, manner and place of making the service, and that a copy was delivered to defendant, or offered to be delivered."

We regard this service 'explicit as to time, manner and place, and the only fact left to inference is, that a copy was offered to be delivered. We think the statement that a copy was refused necessarily implies that one was offered.

We have thus far treated this as though it were a case of alleged defective service, and not as one where a judgment is sought to be impeached for want of jurisdiction.

**3. ——: ——: insufficiency of: defective service.** It is said in *Shawhan v. Loffer*, 24 Iowa, 217, that: "The decisions of this court in cases involving principles applicable to this point, are uniform in recognizing the doctrine, that if it appears there was a notice, though it be defective, or the service thereof be imperfect, neither being in strict compliance with the directions of the statute, and the court determines in favor of the sufficiency of such notice and service, which is shown upon the record, even though such determination was erroneous, the judgment of the court will not be held void in a collateral proceeding." *Cooper v. Sunderland*, 3 Iowa, 114; *Morrow v. Weed*, 4 *Ib.*, 77, and see *Lyon v. Vanatta*, 35 *Ib.*, 525; *Woodbury v. Maguire*, 42 Iowa, 339. Following these and other cases, all the objections urged by plaintiff to the form of the original notice or the manner of service, could only be available upon appeal.

III. It is next insisted that no service was made upon the defendant for the reason that H. H. Crocker, upon whom service was actually made, was not a resident agent, neither did he have any place of business for the transaction of appellant's business within the county of Black Hawk.

**4. ——: ——: principal and agent: insurance.**

It is undoubtedly correct that if service of the original notice was made upon a stranger, the court acquired no jurisdiction in fact, and a judgment based on such service is void. *Newcomb v. Dewey*, 27 Iowa, 381. The return of the sheriff recites that Crocker was the agent of the insurance company. If he was not such agent, no service was had, and it is competent for appellant to controvert that fact in this form of proceeding.

The statute under which this service was made, chapter 95, acts of 1872, provides as follows:

"SEC. 3. Insurance companies may be sued in any county in which is kept their principal place of business, in which was made the contract of insurance, or in which the loss insured against occurred.

"SEC. 4. In all of the cases mentioned in the preceding sections, service of notice may be made upon any general agent of such company * * * or upon any station, ticket, *or other agent* * * * transacting the business thereof in the county * * * * * * * * ."

The evidence shows that at the time of the service of the original notice, Crocker was an agent of this company, soliciting risks; that he made the contract with defendants to insure their property, and forwarded the application to the company, upon which the policy was issued and sent by mail. It further appears, that in January, 1872, the company made a certificate directed to the Auditor of State, setting forth that H. H. Crocker, residence Waterloo, Black Hawk county, was a duly appointed agent of the company, upon which the auditor issued a certificate of agency to Crocker. It is also shown by a preponderance of the evidence, that for more than a year before, and up to the time service was made, Crocker was an actual resident of Black Hawk county, boarding by the week at a hotel. It is claimed by appellant that Crocker had no agency excepting to solicit risks, and that he was not restricted to any county, but had the right to solicit throughout the State.

We do not regard it as necessary to the sufficiency of the service, that the agent should be a general agent for the company. An agency to solicit risks and forward them to the company is sufficient. Nor do we regard it as necessary that the agent should have an office or fixed place of business, or that he should transact all the business of the company in the county where service is made. The statute does not so provide, and the evidence in this case shows that this agent was transacting business of the company in the county where the suit was brought, and that was his residence. He was none the

less the agent of the company transacting business for it in Black Hawk county, for the reason that he was not required to expend his whole time in that county.

IV. The appellant claims that Sec. 4 of the act of 1872 is unconstitutional, because the subject thereof is not embraced in the title of the act. The act is entitled "An Act providing the place of bringing suits in certain cases." After designating where suits in the cases enumerated may be brought in section 4, it designates the persons upon whom service may be made. We think this section is strictly germane to the subject embraced in the title.

*5. CONSTITUTIONAL law: title of statute.*

V. Holding, as we do, that the judgment cannot be impeached in this proceeding, it is unnecessary to determine whether or not appellant has shown a meritorious defense.

AFFIRMED.