## WEBSTER v. HUNTER.

| | |
|---|---|
| 50 | 215 |
| 105 | 208 |
| 105 | 635 |
| 50 | 215 |
| 106 | 457 |
| 50 | 215 |
| 124 | 88 |

1. **Foreign Judgment: LAWS OF ANOTHER STATE.** In an action on a foreign judgment the laws of the State in which it was rendered, in the absence of evidence to the contrary, will be presumed to be the same as ours.

2. ———: **JURISDICTION: EVIDENCE.** The return of an officer showing service of process, by which the court claimed to obtain jurisdiction, may be contradicted by parol evidence.

*Appeal from Fremont Circuit Court.*

THURSDAY, DECEMBER 12.

ACTION on a judgment rendered by the Circuit Court of Mercer county, Illinois. In his answer the defendant alleged that the court rendering the judgment had no jurisdiction of his person, because no summons nor original process of any

kind had ever been served on him. There was a trial by jury, and verdict and judgment for the defendant.

The plaintiff appeals.

*Stow & Hammond*, for appellant.

*Sears & Thornell*, for appellee.

SEEVERS, J.—There is no recital in the judgment that the court found the defendant had been served with process, nor does it appear he appeared to the action. The judgment was rendered by default. The record was introduced in evidence, and it contained two summonses. The return of the officer thereon showed service on the defendant. What is designated in the record as summons "A," required the defendant to appear on the second Monday of March, 1859, and answer unto the plaintiff "in a plea of trespass on the case upon promises." This notice was served, according to the return, on the 16th day of February, 1859. No declaration, however, was filed until the 8th day of April thereafter. The court refused to permit this notice to be introduced in evidence.

In March, 1859, another summons was issued which is designated in the record as summons "B." This required the defendant to appear on the third Monday in April, 1859, and the return of the officer showed it was served on the 16th day of April, and the judgment was rendered in September thereafter. The laws of Illinois were not introduced in evidence, and it is insisted—

I. That the court erred in excluding from the jury summons "A" and the return thereon. As another summons was

1. FOREIGN judgment: laws of another state.

afterward issued and served (as it is claimed) on the defendant, such fact tends to show the one first issued had been abandoned. The defendant testifies he so regarded it. But, be this as it may, as no declaration was filed until after the defendant was required to appear the action will be deemed discontinued. Code, § 2600.

The laws of Illinois, in the absence of testimony to the

contrary, will be presumed to be the same as ours. *Stevens v. Williams*, 46 Iowa, 540. There was no error, therefore, in excluding the summons whereby the action was instituted which by operation of law was discontinued.

II. The defendant introduced parol evidence tending to show that summons "B" was not in fact served on him. The court instructed the jury that the introduction of the record and judgment in evidence cast on the defendant the burden to prove he was not in fact served, but that, if they so found, the plaintiff could not recover. We are unable to see any valid objection to the instructions, if the return of the officer may be contradicted by parol evidence, and we believe the only objection urged by counsel is that the court therein limited the jury to a consideration of summons "B."

2. ———: juris-
diction: evi-
dence.

This court, in an action on a judgment rendered in another State, has recently held in *Lowe v. Lowe*, 40 Iowa, 220, that the return of an officer, showing service of process by which the court in said State obtained, or rather claimed to have, jurisdiction of a defendant, might be contradicted by parol evidence. Authorities are cited in support of the decision. See, also, 2 American Leading Cases, 611 to 664, for a full discussion and citation of authorities on this subject. We are not disposed to depart from the rule above stated.

III. It is urged the court erred in refusing to permit the plaintiff, as fully as was desired, to cross-examine the defendant in relation to the summonses, and service thereof. It is also insisted the verdict is contrary to the evidence. As to the latter it is sufficient to say, if the jury believed the testimony of the defendant the verdict is right. That they did so is clear, and there is nothing in the record which will warrant us in saying the verdict in this respect is wrong.

The defendant, as we understand, admitted that summons "A" was served on him, and on cross-examination he stated that no other papers were served on him, but that one Miles "threatened" him. The plaintiff desired to inquire how long

after the first paper was served the threats were made, and about when a notice "to quit the place" was served, and how long it was after summons "A" was served. We are unable to see wherein the discretion vested in the trial court in this respect was abused. We feel satisfied the plaintiff was in no manner prejudiced by the ruling.

AFFIRMED.