## O'ROURKE v. THE C., M. & ST. P. R. Co.

1. **Foreign Judgment:** IMPEACHMENT OF: GARNISHMENT. Where a garnishment in another State was pleaded as a defense to an action on an account, it was held competent for the plaintiff to show that the foreign judgment on which the garnishment was based was void for want of jurisdiction, because of matters extrinsic to the record.

*Appeal from Cerro Gordo Circuit Court.*

THURSDAY, DECEMBER 16.

THE defendant became indebted to one Kennedy in the sum of $45.00, for work and labor. Kennedy assigned his

claim to the plaintiff. The action is brought to recover upon it.

For answer the defendant avers that it was garnished for the same debt in the State of Minnesota, in an action brought before a justice of the peace against Kennedy; that judgment was rendered against this defendant as garnishee in the sum of $24.00, which amount defendant paid on said judgment. The defendant shows that since the commencement of the action it has tendered the balance of the claim with costs.

The plaintiff for reply to answer avers that no judgment was obtained against Kennedy in the action in which this defendant was garnished, and so this defendant was never properly charged as garnishee, the judgment against it being void for want of judgment against Kennedy.

Trial without a jury. Judgment for plaintiff for the amount claimed. Defendant appeals.

*Geo. E. Clarke* and *M. B. Cary*, for appellant.

*Miller & Cliggitt*, for appellee.

ADAMS, CH. J.—A judgment in form was rendered against Kennedy, but plaintiff insists that it is void for want of juris-

1. FOREIGN JUDGMENT: IMPEACHMENT OF: GARNISHMENT. diction. The service of notice upon Kennedy was made by leaving a copy of the notice at a public house, where he had been previously stopping as a guest. The return of service stated that the copy was left at Kennedy's "last usual place of abode." The return showed upon its face due service as appears from the statute of Minnesota, introduced in evidence. But the fact was, as is shown in evidence, the copy was not left at Kennedy's last usual place of abode, nor was he a resident of Minnesota, but was residing with his family in Iowa, and was at the time he was a guest of the public house in Minnesota, where the copy was left. The statute of Minnesota provides for service by publication, when service cannot be had in the State and

the defendant is a non-resident.    The service in this case was clearly insufficient.

But the defendant insists that something having been done with a view to making service, and a return thereof made, it is not a case of absolute want of service, but of defective service merely, and that a judgment obtained upon defective service cannot be attacked collaterally.   The defendant cites and relies upon *Cooper v. Sunderland*, 3 Iowa, 114; *Morrow v. Weed*, 4 Iowa, 77; *Long v. Burnett*, 13 Iowa, 28; *Bonsall v. Isett*, 14 Iowa, 309; *Good v. Norley*, 28 Iowa, 188; *Daugherty v. McManus*, 36 Iowa, 657; *Woodbury v. McGuire*, 42 Iowa, 339.

The doctrine of those cases is that where a question arises upon the sufficiency of the notice, or sufficiency of the return as showing due service, it is for the court to determine such question, and when the question is determined, even though it be erroneously, it becomes an adjudication.

But in the case at bar the plaintiff does not rely upon any defect in the notice or return as showing due service, but upon a fact which lies behind the return of service, in no way disclosed by the record, and upon which it cannot be presumed that there was any judicial determination.

The court only determined that the notice was sufficient and that it appeared from the return to have been duly served. In this the court was evidently correct, and no question upon that point is now raised.

But where a foreign judgment is relied upon, it is competent for the party resisting it to show facts extrinsic to the return, or inconsistent with it.    *Webster v. Hunter*, 50 Iowa, 215.   In the case at bar the facts disclosed show that what was done with a view to making service did not constitute service.   The court, then, never obtained jurisdiction of the person of Kennedy, and the judgment against him was void. Now a garnishee can be charged for only such amount as is adjudged to be due the plaintiff from the principal defendant. If the garnishee pays before judgment against the principal

defendant, such payment cannot be pleaded in bar to an action brought directly upon the claim. In our opinion the judgment of the Circuit Court must be.

AFFIRMED.