Schneitman v. Noble.

3. JUDICIAL sale ; action to set aside : pleading.

REVERSED.

SCHNEITMAN v. NOBLE.

1.  Garnishment: QUESTIONING VALIDITY OF JUDGMENT AGAINST PRINCIPAL DEBTOR.   A garnishee in an attachment suit cannot, on the trial of an issue joined upon his answer, assail the validity of the judgment against the attachment defendant, on the ground that such defendant was not duly served with notice of the action, where there was a service in fact of the original notice, though defective, but which the court adjudged to be sufficient to give it jurisdiction.   (See opinion for cases cited).

Schneitman v. Noble.

2. **Banks**: AUTHORITY OF CASHIER : PAYING DEPOSITOR WITH NOTES. The cashier of a bank has no authority by virtue of his office to pay a depositor by transferring notes to him ; and in the absence of special authority in the cashier to make such transfer, the depositor will be regarded as holding the notes, or their proceeds, in trust for the bank, when garnished by its creditors.

3. **Garnishment**: ESTOPPEL OF GARNISHEE BY FORMER PLEA. The garnishee herein sought to retain the proceeds of certain notes which had belonged to the attachment defendant, on the ground that they had been turned over to him in satisfaction of a debt ; but *held* that he was estopped from making this claim by the fact that, after he had received the notes, he brought action against the attachment defendant on that same debt, and alleged that it had not been paid, and thereupon recovered judgment. ( Compare *Citizens' Bank v. Dows*, 68 Iowa, 460 ).

4. **Appeal**: COSTS OF PREPARING ADDITIONAL ABSTRACT. While it is the duty of an appellant to submit to this court a fair abstract of so much of the record as is material to the question involved in the appeal, yet the expense of preparing an additional abstract by the appellee will not be taxed to the appellant, where there is no reason to believe that he intentionally omitted from his abstract anything which he believed to be material.

*Appeal from Guthrie District Court.*—HON. J. H. HENDERSON, Judge.

FILED, SEPTEMBER 7, 1888.

ON the twenty-sixth day of August, 1885, this action was commenced against defendants J. S. Danford and E. B. Gundrum to recover the sum of $396.50, alleged to be due from them to plaintiff. On the same day a writ of attachment was issued in aid of the action, and served by garnishing appellant on the day following. Judgment was rendered in favor of plaintiff and against Danford, on the eighth day of October, 1885, for $296.70 and costs. Issue was joined on the answer of the garnishee, in which he denied all liability to Danford, and tried to the court. Judgment was rendered against the garnishee for two hundred and forty dollars, and from that he appeals.

*Willard, Fletcher & Willard*, for appellant.

*C. A. & J. G. Berry* and *Charles S. Fogg*, for appellee.

ROBINSON, J.—I. Appellant claims that the judgment against Danford is void for the alleged reason that he was not served with notice of the action. It appears that Danford was engaged in the banking business at Casey, in Guthrie county, from some time in June until about the eleventh day of August, 1885, and that his co-defendant was his cashier, and at the time in question was intrusted with the management of the business. The return on the original notice is as follows: "The within notice came into my hands on the twenty-sixth day of August, 1885, and on the twenty-seventh day of August, 1885, I served the same on the within-named defendant, J. S. Danford, by serving E. B. Gundrum, cashier and agent of J. S. Danford, by offering to read the within notice to him, he waiving the reading, and delivering to him a true copy thereof. All done within Guthrie county. F. C. Galbraith, sheriff of Guthrie county, Iowa."

1. GARNISHMENT: questioning validity of judgment against principal debtor.

Section 2613 of the Code is as follows: "When a corporation, company, or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency in all actions growing out of or connected with the business of that office or agency." It does not appear that Danford had a residence in Guthrie county, and it is shown that his indebtedness to plaintiff grew out of the business in which Gundrum was employed. The judgment recites that Danford had been duly served with notice of the suit. The evidence tends to show that he was not doing business in Guthrie county when the original notice was served, and that Gundrum was then engaged in other business. It is shown that Danford was duly served with notice of the garnishment proceedings, although he does not appear therein, nor did he appear in the original action. The rule to which this court has always adhered is that if a service of the original notice, which service is in part

imperfect, is shown to have been made, and it appears that the trial court has determined that it is sufficient, its sufficiency cannot be attacked in a collateral proceeding. *Shawhan v. Loffer*, 24 Iowa, 226 ; *Myers v. Davis*, 47 Iowa, 328 ; *Shea v. Quintin*, 30 Iowa, 58. In this case the attachment was regular ; there was a service of the original notice, which the district court adjudged to be sufficient to give it jurisdiction of Danford, and a judgment was rendered against the real debtor, of which he does not seem to complain. Whether Gundrum was the agent or clerk of Danford, within the meaning of section 2613, on the date when the notice was served, or whether the return was defective, so that the judgment would have to be set aside upon a proper application of Danford, we need not determine. We are satisfied that appellant cannot question the validity of the judgment in this proceeding.

II. The place of business of Danford was closed by the sheriff on the eleventh day of August, 1885. On the morning of that day, and just before the time for commencing business, appellant obtained from the cashier of the bank a small sum of money and a quantity of notes which he alleges were received to apply in payment of a claim he then held against the bank, and which amounted to something less than three hundred dollars. The amount of the notes so received is not definitely shown, but is claimed by appellant to have been less than the amount which the bank owed him. It is claimed by appellee that these notes were wrongfully obtained, and that appellant is liable for the amount he has realized from them, since all have been collected. In the absence of a more general authority, the cashier would be restricted in his power to bind his principal to the doing of such acts as are usually performed by persons who occupy the position he held. In other words, in the absence of proof of special authority, Gundrum must be held to have had power to bind his employer only by acts done in the usual and ordinary course of business. Appellant was a depositor, and the notes were turned

2. BANKS: authority of cashier : paying depositor with notes.

over in payment of the deposit. We do not think that bank depositors are usually paid in that manner, and there is no showing that it was the ordinary method adopted by Danford. But appellant claims that the payment in notes was, in this instance, authorized by telegrams sent to the cashier by Danford, and by subsequent ratification. All we need to say as to these claims is that the telegrams were of doubtful authenticity, and the alleged ratification very unsatisfactory. We should not feel disposed to disturb the judgment of the district court on these grounds.

III. In January, 1886, the appellant commenced an action against Danford to recover the amount of the deposit in payment of which he is now insisting that the notes in controversy were delivered to him. A writ of attachment was issued in that action, and appellant delivered to the sheriff, who held the writ, two hundred and forty dollars, as the property of Danford. Judgment was rendered in that action in favor of appellant, on the sixteenth day of March, 1886, for $291.60 and costs. The proceedings in these actions are pleaded by plaintiff in this as an estoppel. The appellant, to avoid the effect of this plea, contends that his action against Danford was commenced on the advice of an attorney, for the purpose of perfecting his title to the notes which he received from the cashier, and not with the purpose of releasing any right which he had to the notes. But appellant alleged in his petition in that case "that on the eleventh day of August, when said Bank of Casey suspended business, this plaintiff had on deposit in said bank the sum of $291.60; that the said bank has never legally paid any part of said $291.60." The validity of the proceedings and judgment in that action are not questioned. Appellant having elected to treat his deposit as unpaid, for the purpose of obtaining judgment against Danford, should not be heard in this proceeding to question the effect of such election. *Citizens' Bank v. Dows*, 68 Iowa, 460, and cases therein cited.

*Marginal note:* 3. GARNISHMENT: estoppel of garnishee by former plea.

IV. The appellee filed an additional abstract, and with it a motion to tax the cost of the printing and preparation of the additional abstract to appellant. The costs of printing will be so taxed, under the rules of this court. It is the duty of appellant in all cases to submit to this court, a fair abstract of so much of the record as is necessary to an understanding of the questions involved in the appeal, and he should not be permitted to cast the burden of preparing the record on the appellee, by filing an abstract so imperfect as to be an abstract in name only. It is desirable, however, in most cases, to have the record contained in the abstract abridged as much as a fair presentation of the material facts of the controversy involved in the appeal will permit. If the appellant in good faith attempts to prepare an abstract of this kind, he should not be punished for an accidental omission, nor for an honest mistake as to what is material. We are not satisfied that there was such an intentional omission of material matter from the abstract of appellant as would justify the imposition of any special penalty. The motion as to cost of preparing the additional abstract is therefore overruled. The judgment of the district court is                                    AFFIRMED.

