GRAY *et al.* v. WOLF.

1. **Original Notice:** SUFFICIENCY : AMOUNT CLAIMED. The original notice in this case, following the language of the note sued on, notified defendant that plaintiffs' petition would be on file claiming of him "one hundred and seventy-nine and thirty one-hundredths, with ten per cent. interest" from the date of the note, — the word "dollars" being evidently intended, but omitted. *Held* that it was not a case of no notice, but of irregular notice only, and that a judgment for so many dollars was not void. (Compare *Woodbury v. Maguire,* 42 Iowa, 339, and *Bunce v. Bunce,* 59 Iowa, 533.)

2. ———: ———: SIGNATURE OF OFFICER. The return of the original in this case showed personal service and was signed thus: "By J. R. MYERS, Deputy. J. W. WORKMAN, Sheriff." *Held* to be good, as showing service by Myers, as deputy of Workman, sheriff.

3. **Appeal:** ERRORS WHICH SHOULD BE CORRECTED BELOW. Mere defects in an original notice properly served should be corrected by motion of the defendant in the court below, and do not warrant the defendant in making default and then appealing to this court. (See Code, sec. 3168.)

*Appeal from Wapello District Court.*—HON. CHARLES D. LEGGETT, Judge.

FILED, MAY 22, 1889.

THE facts appear in the opinion.

*E. L. Burton* and *W. H. C. Jaques*, for appellant.

*Chambers, McElroy & Roberts* and *W. S. Coen*, for appellees.

GIVEN, C. J.—On November 30, 1887, the plaintiffs filed their petition, setting forth as their cause of action that about September 4, 1871, defendant executed to them his promissory note as follows : "OTTUMWA, IOWA, Sept. 4, 1881.   One day after date, for value received, I promise to pay Gray, Baker & Madison one hundred and seventy-nine and thirty one-hundredths, with ten per cent. interest per annum.   JOSEPH WOLF."   An original notice was issued and personally served on the defendant, notifying him that the petition of the plaintiffs would be filed, "claiming of you one hundred and seventy-nine and thirty one-hundredths, with ten per cent. interest per annum from Sept. 4, 1871."   The return showing personal service is signed : "By J. R. MYERS, Deputy, J. W. WORKMAN, Sheriff."   The defendant failing to appear, default and judgment were entered against him "upon the note sued upon in the sum of $472.68." Without further proceedings in the district court, the defendant on the fourteenth day of July, 1888, served a notice of appeal on the plaintiffs' attorney and the clerk of the district court, and secured the clerk's fees for transcript.   It is claimed on behalf of appellant that there was no sufficient original notice, in that it did not state that the plaintiff claimed any sum in money of defendant or any cause of action, and that the return showed no legal service.   Appellee moves to dismiss the appeal on the ground that appellant made no motion in the court below to correct the irregularities he assigns as errors, as required by section 3168 of the Code.   Said section provides that "a judgment or order shall not be reversed for an error which can be corrected on motion in an inferior court until such motion has been made·

there and overruled." The notice, following the language of the note sued upon, omits the word "dollars;" but from the words used there was no room for question but that the plaintiff sued to recover $179.30 in money. The notice does not state the cause or grounds of this claim for $179.30. In *Dougherty v. McManus*, 36 Iowa, 657, where the same defect existed in the notice, and judgment had been rendered thereon, this court says: "It by no means follows that his judgment is void, and, as such, may be collaterally assailed. It is not a case of no notice. The most that can be said is that it is a case of defective notice." See, also, *Woodbury v. Maguire*, 42 Iowa, 339; *Bunce v. Bunce*, 59 Iowa, 533. Personal service of the original notice was made "by J. R. MYERS, Deputy. J. W. WORKMAN, Sheriff." This was a service by Myers as deputy of Workman, sheriff. The original notice being at most but a defective notice, and having been properly served, the defendant should have appeared in the court below to correct the errors now complained of. *Pratt v. Stage Co.*, 27 Iowa, 363. The case is clearly within the provisions of section 3168, Code, and the judgment of the district court will be

AFFIRMED.