WM. ROTCH *et al.*, Trustees, Appellants, v. HUMBOLDT COLLEGE *et al.*, Appellees.

1. **Judgment**: COLLATERAL ATTACK: JURISDICTION: ORIGINAL NOTICE: DEFECTIVE SERVICE.   A judgment is not subject to collateral attack because of the defective service of the original notice, where the judgment recites that the defendant had due and legal service of the pendency of the action.

2. ———: ———: ———: FILING PETITION: RECORD.   Notwithstanding the provision of section 200 of the Code, that no pleading shall be considered filed until a memorandum of the date of filing has been entered on the appearance docket, a judgment rendered in a cause without such entry having been made is not void, and is not subject to collateral attack on such ground.

*Appeal from Humboldt District Court.*—HON. LOT THOMAS, Judge.

TUESDAY, OCTOBER 17, 1893.

ACTION in equity to subject certain land to the payment of a judgment in favor of the plaintiffs. There was a hearing on the merits, and a judgment in favor of the defendants for costs.   The plaintiffs appeal.—*Affirmed.*

*Prouty, Coyle & Prouty*, for appellants.

*P. Finch*, for Humboldt County Bank, appellee.

*R. M. Wright*, for D. K. Pearsons, appellee.

ROBINSON, C. J.—The defendant Humboldt College is a corporation which has existed for more than twenty years. Before the year 1876 it was known as the Humboldt College Association, and also as the Humboldt Collegiate Association, the name being used interchangeably. In June, 1871, the association gave its promissory note, payable to O. Prescott and others in June, 1876. In August, 1882, the note was extended to August, 1885. In November, 1889, the plaintiffs recovered judgment on the note against the association for the sum of sixty-five thousand, six hundred and thirty-seven dollars and fifty cents. An execution was issued, and forty thousand dollars were received to apply on the judgment. The remainder is unsatisfied.

In March, 1880, John McLeod recovered against the association judgment for the sum of nine hundred and seventy-eight dollars and eighty-six cents and costs. An execution issued on that judgment was levied upon two forty acre tracts of land in Humboldt county, then owned by the association, which were sold under the execution. Redemption from the sale not having been made, a sheriff's deed for the land was executed to McLeod in June, 1882. In May, 1883, he conveyed it to Estella B. Fuller. A few days later she gave a mortgage thereon to D. K. Pearsons, guardian, to secure the payment of a note for five hundred dollars. In September, 1889, the mortgage was foreclosed, and the land was ordered sold to satisfy the sum of six hundred and forty-eight dollars and eighty-four cents and attorney's fee and costs, which were adjudged to be due on account of the note. Under an execution issued to satisfy the judgment, one of the tracts of land was sold to the defendant Pearsons, and the other to one P. Finch, who afterwards transferred the sheriff's certificate of sale to the defendant, the Humboldt County Bank. In December, 1890, a sheriff's deed was issued

to the bank for the tract sold to Finch, and in February, 1891, a sheriff's deed was issued to Pearsons for the tract sold to him.   In March, 1891, this action was commenced to subject the two tracts to the payment of the unsatisfied portion of the judgment in favor of the plaintiffs.   They contend that the judgment in favor of McLeod was void and of no effect.   The college is insolvent.

I.  The first objection urged to the validity of the judgment in favor of McLeod is that the district court of

1. JUDGMENT: collateral attack: jurisdiction: original notice: defective service.

Humboldt county did not have jurisdiction to render it, for the reason that notice of the action was not served on the college, and judgment was rendered without an appearance for it.   There are two answers to that objection, one of which may be stated as follows: A notice was in fact served on the college.   The record as it now exists tends to show that it was defective, but the court found "that due and legal service had been had on the defendant of the pendency of said cause." It is the well settled rule in this state that where a defective notice or defective proof of the service of a notice is adjudged by the trial court to be sufficient, the judgment rendered thereon can not be attacked collaterally.   *Woodbury v. Maguire*, 42 Iowa, 339, 342, and cases therein cited; *Shawhan v. Loffer*, 24 Iowa, 217, 226; *Tharp v. Brenneman*, 41 Iowa, 251, 253; *The Farmers Insurance Co. v. Highsmith*, 44 Iowa, 330; *Lees v. Wetmore*, 58 Iowa, 170, 177; *Bunce v. Bunce*, 59 Iowa, 533, 535; *Stanley v. Noble*, 59 Iowa, 666, 669; *Fanning v. Krapfi*, 68 Iowa, 244, 248; *Gray v. Wolf*, 77 Iowa, 630, 631.   The other answer to the objection is that the parties have stipulated that the collegiate association "was duly and legally served with original notice."

II.  The objection to the judgment on which the plaintiffs chiefly rely is that the filing of the petition

2. ___: ___: ___:
filing  petition:
record.

was not noted in the appearance docket. Section 200 of the Code is as follows: "The clerk shall, immediately upon the filing thereof, make in the appearance docket a memorandum of the date of the filing of all petitions, demurrers, answers, motions, or paper of any other description in the cause; and no pleading of any description shall be considered as filed in the cause, or be taken from the clerk's office until the said memorandum is made." The petition in the *McLeod case* was delivered to the clerk for filing, and he indorsed it as filed, but made no memorandum thereof in the appearance docket. The plaintiffs contend that by reason of his failure to make such memorandum the court had no jurisdiction of the subject-matter of the action, hence that its judgment was void.

In the case of *Padden v. Moore*, 58 Iowa, 703, it appeared that certain garnishees were required to appear in court on a day specified. They went to the town in which the court was held on that day, but, being informed that the court had adjourned, they returned to their homes and gave the matter no further attention. The court had adjourned on the day before that on which they were required to appear to some subsequent date. After that adjournment a commissioner was appointed, without notice, to take the answers of the garnishees, and a day was fixed for them to answer. They did not appear, and the commissioner so reported. A default was afterwards entered against the garnishees, and judgment entered against them without notice. At a later term of court notice was served on them to show cause why execution should not issue on the judgment. In response to that they presented to the clerk a paper containing a showing why execution should not issue, which was, in effect, a protest against the action of the court in rendering judgment against them, on the ground that it lacked jurisdiction to do so. The paper

was marked as filed, but the filing was not entered on the appearance docket, and the paper was not left with the clerk. This court held that the showing so made by the plaintiffs was not an appearance by them to the proceeding; that the showing was not filed, because no memorandum thereof was made in the appearance docket, and that it did not become a part of the records of the court. The question involved in that branch of the case was whether the showing made operated to give the court jurisdiction and render valid the judgment which before had been void. This court answered the question in the negative by holding that there had been no appearance in the case within the meaning of section 2626 of the Code. Under the facts in that case it may well have been said that there was no intention to make the showing a part of the record. The facts involved in the two cases are so unlike that the decision in the *Padden case* can not be regarded as controlling in this.

In *Nickson v. Blair*, 59 Iowa, 531, a motion to dismiss the action made by the defendant, and based upon the fact that no memorandum of the date of filing the petition had been made in the appearance docket, was sustained, and this court held the ruling to be correct. It may be said of that case that advantage was taken of the defect in the proceedings by a direct attack, made in due time. This court has never held that a judgment rendered in a case in which the filing of the petition was not noted in the appearance docket is void.

Section 2599 of the Code provides that actions in a court of record shall be commenced by serving the defendant with a notice informing him that, on or before a date therein named, a petition will be filed in the office of the clerk of the court wherein suit is brought. Section 2600 provides that "if the petition is not filed by the date thus fixed, and ten days before the term, the action will be deemed discontinued." In *Hudson v.*

*Blanfus*, 22 Iowa, 323, the action of the district court in discontinuing a cause, for the reason that the petition was not filed within the time fixed by the notice was sustained.    In *Cibula v. Pitts Sons' Manufacturing Co.*, 48 Iowa, 528, the district court overruled a motion to dismiss the petition because not filed until after the time specified in the notice.   This court, in reversing the judgment of the district court, held that the language of section 2600 is imperative, and, unless the defendant waive the noncompliance with the terms of the notice, the action must be discontinued.   It was said, in effect, in *Clark v. Stevens*, 55 Iowa, 361, 362, that under the provisions of this section, if the petition is not filed within the time fixed in the notice, the action is dismissed by operation of law, without an order of the court to that effect.   Yet in *Brown v. Mallory*, 26 Iowa, 469, 470, it was held that the failure to file the petition until after the time stated in the notice did not operate to avoid the judgment rendered after it was filed, but that the error could only be corrected by appeal, or in other ways pointed out by the statute. In *Hildreth v. Harney*, 62 Iowa, 420, 421, it was held that the failure to file the petition within the time required by the notice did not make the judgment rendered thereon void.    See, also, *Oliver v. Davis*, 81 Iowa, 287, 289.

The doctrine of the cases cited is applicable to the facts in this case.   The petition was delivered to the clerk to be made a part of the records of the case, and was marked "Filed," and retained by him.   The service of the original notice had given the court jurisdiction of the college, and the petition was before the court, and its action thereon was demanded.   Whether it had the right to act was one of the questions it was necessarily required to decide before it rendered judgment. If that decision was erroneous, under the facts stated, it could be corrected only by direct proceedings for that

purpose. See *Lees v. Wetmore*, 58 Iowa, 170, 177; 1 Black on Judgments, section 274; Wells on Jurisdiction, sections 61, 62. It follows that the judgment rendered was not void, and, as it has not been set aside or modified in the manner provided by the law, it must be deemed valid. The judgment defendant waived its right to object to the defect in the proceedings, and the plaintiff can not now take advantage of it.

The judgment of the district court is AFFIRMED.