J. C. LONGUEVILLE *et al.,* v. HERMAN MAY, Defendant, CONRAD MAY, Intervener, Appellants.

**Jurisdiction:**    SERVICE OF SUMMONS ON NON-RESIDENT OF STATE: *Fraud.* The fact that a resident of Wisconsin was in Illinois, to testify in another action, when a summons in a personal action against him was served, does not affect the jurisdiction of the Illinois court if his presence was not procured by fraud.

DEFECTIVE SERVICE. Though the summons was not read to defendant, nor a copy thereof given to him by the officer, the service is merely defective, and a judgment in the action is not sub-

ject to collateral attack, if it does not affirmatively appear that defendant did not understand what was intended, or was ignorant of the fact that the action was pending.

FOREIGN JUDGMENT: *Based on garnishment.* A contention that a, judgment cannot be rendered against a garnishee on execution outside the state of his residence, unless at a place where the contract with the principal debtor was to be performed or unless he has property in his possession belonging to such debtor, is without merit where the action is on the judgment of garnishment, and there is no allegation or proof on the part of the garnishee that the judgment against him was not rendered on a contract to be performed in the state where the judgment was rendered, or that he had no property of the principal debtor in his possession when garnished.

DEFENSES TO FOREIGN JUDGMENT. Want of indebtedness is not one. The only defenses are fraud, want of jurisriction, and satisfaction.

Court and Jury: AMOUNT DUE ON FOREIGN JUDGMENT. In a suit on a foreign judgment, the fact that the jury was not allowed to asses the amount of plaintiff's recovery is not error.

Pleading: DENIAL OF AMENDMENT. The denial of the right to file an amendment making an allegation more clear is not prejudicial where the court proceeded on the theory that that issue was presented by the original pleading.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NELL, Judge.

TUESDAY, OCTOBER 8, 1901.

PLAINTIFFS obtained a personal judgment in Jo Daviess county, Ill., against Conrad May, a resident of Grant county, Wis. Herman May, a resident of Dubuque, in this state, was garnished on execution, as a supposed debtor of the judgment defendant, by process issued out of the court where such judgment was rendered, and which was served on said garnishee in Jo Daviess county, aforesaid. Judgment was duly rendered in the latter named county against the garnishee, and the present action is founded upon said judgment. After this action was begun, Conrad May intervened,

claiming, on various grounds, which will be later noticed, that the judgment so rendered against him was invalid and of no effect. The trial was to a jury, but at the close of the testimony, the court on the request of plaintiffs, instructed the jury to find in their favor for the amount claimed. Such a verdict was returned, and from the judgment rendered thereon defendants appeal.—*Affirmed.*

*Lyon & Lyon* for appellants.

*J. C. Longueville* and *J. J. McCarthy* for appellees.

WATERMAN, J.—The showing in the record is sufficient to sustain the jurisdiction of this court on appeal.

II.   There were several motions and a lengthy demurrer filed by plaintiffs, attacking the pleadings of defendant and intervener. It would but tend to confuse were we to set these out. It is enough to say that they were sustained in part, and a number of amendments filed in behalf of the Mays. Testimony was then taken, much of which, offered in behalf of the latter was ruled out on objection. As a result of the various rulings, the matters which we now set out are submitted for our decision.

It was sought by intervener to show that he was not indebted to plaintiffs. The defenses to a foreign judgment are fraud in obtaining it, want of jurisdiction in the trial court satisfaction and discharge, or its bar by limitation. Rorer, Inter-State Law, 102 *et seq.* Where the trial court has jurisdiction, such a judgment in an action thereon in a sister state is conclusive as to the merits of the controversy. *McElmoyle v. Cohen,* 13 Pet. 312 (10 L. Ed. 177); *Christmas v. Russell,* 5 Wall. 302 (18 L. Ed. 475); *Bissell v. Briggs,* 9 Mass. 462 (6 Am. Dec. 88); *Packer v. Thompson,* 25 Neb. 688 (41 N. W. Rep. 650). But it is said that Conrad May was in Jo Daviess county, Ill., for the purpose of giving testimony in another action, when the summons was served upon him

which affords foundation for this judgment. It is thought that the Illinois court had no jurisdiction because of these facts. It is no defense that the judgment debtor was a nonresident, if personal service was made upon him within the state. Rorer, Inter-State Law, 104. The distinction between this case and that of *Dunlap v. Cody,* 31 Iowa, 260, is that in the latter case fraud was practiced to bring the defendant within the jurisdiction, in order to serve the summons upon him. In the case at bar, while it is alleged the action in Jo Daviess county was brought for the purpose of defrauding plaintiff's there is no allegation that defendant's presence in that county when the summons was served was procured by fraud, nor is there any evidence tending to so show.

III. The trial court construed the pleading of intervener as raising the question whether any summons was served upon defendant in the action in which the judgment sued upon was rendered. Evidence was introduced on this question by both sides. It was in serious conflict, and but for the facts we are about to state would have presented an issue for the jury. On the part of defendant it was shown that the summons was not read to him, nor was he given a copy by the officer who acted in the matter. It does not affirmatively appear, however, that defendant did not understand what was intended, or was ignorant of the fact that the action was pending. This was a case of defective or insufficient service, and it cannot be taken advantage of collaterally. *Bonsall v. Isett,* 14 Iowa, 309; *Boker v. Chapline,* 12 Iowa, 204; *Schneitman v. Noble,* 75 Iowa, 120. In the first of these cases it is said: "There is a clear distinction between a service insufficient only in the manner of making it, and a case where no service at all is made, or attempted to be made. In the latter case there is no question of jurisdiction to decide, and if a judgment is rendered under such circumstances against a party, it would be a nullity. In the former case there is a question of jurisdiction raised, which the court must, *ex necessitate,*

decide. If it does so erroneously against the defendant, and renders a judgment for the plaintiff, such judgment would be voidable, nevertheless just as binding on the parties as any. other judgment or decree until reversed and corrected on appeal." There is no question but an attempt at service was made by the officer in this case. The ground of complaint is that the forms of law were not complied with by him; in other words, the position of appellants, under the evidence, can only be that the service was defective.

After the evidence was all in, the intervener sought to file an amendment making more clear his allegation that summons had not been lawfully served upon him in the Illinois action. The court denied him the right to do so. This ruling could not have been prejudicial, for, as we have said, the trial court had proceeded on the theory that the issue was presented by the original pleading in intervention.

IV. Error is predicated on the fact that the jury was not allowed to assess the amount of plaintiff's recovery. If plaintiffs were entitled to recover at all, the measure thereof would be the amount due on the judgment. There is no claim that they were allowed more than this.

There was nothing for a jury to do which might not properly be done by the court. *Woodbridge v. Austin,* 81 Iowa, 672.

V. Some questions are raised on the part of the garnishee. He resided in Dubuque county, in this state, and judgment was rendered against him in the state of Illinois. These facts he sets up in his answer. While the authorities are in conflict, there are, as claimed by appellant, cases which support the rule that a judgment cannot be rendered against a garnishee on execution outside the state of his residence, unless at a place where the contract with the principal debtor was to be performed, or unless he has property in his possession at the time and place of garnishment belonging to such debtor. *Insurance Co. v. Eaton,* 35 Me. 391; *Ray v. Underwood,*

3. Pick. 302; *Bush v. Nance,* 61 Miss. 237; *Sawyer v. Thompson,* 24 N. H. 510. Some attention was given this subject by this court in *German Bank v. American Fire Ins. Co.,* 83 Iowa, 491, but no definite conclusion was announced. But, adopting this rule, which we do only for the purpose of argument and it will not avail the garnishee. The action against him was on a judgment, which we accept as sufficient in form, because no question is raised as to the contents of the entry. The burden was upon him, then, to allege and prove every fact necessary to establish the invalidity of such judgment. *Lowe v. Lowe,* 40 Iowa, 220; *Pollard v. Baldwin,* 22 Iowa, 328.

There is no allegation nor offer of proof on the part of the garnishee that the judgment against him was not rendered on a contract which was to be performed in the state of Illinois, and that he had no property of the principal debtor in his possession when garnished.

It is true the answer contains a general allegation that the garnishee was not in any way indebted to Conrad May, but this was held bad, and properly so, on demurrer. No such defense, as we have already shown, is permissible against a judgment. The particular facts that might have been proved with relation to the indebtedness, which must be conclusively presumed to exist, were not set up, nor was any testimony to establish them offered.

Some minor matters are discussed by counsel, upon which we need only to say their contentions are without merit.—AFFIRMED.