NATIONAL LOAN & INVESTMENT Co., Appellant, v. O. A. BLEASDALE.

**Agency:** EXTENT OF AUTHORITY: LEASING PROPERTY AND COLLECTING RENTS. The authority of a general agent is not unlimited, but is restricted to transactions within the scope of his principal's business with which he is concerned; so that proof simply that a lease of premises was executed by an agent who had full charge and authority to collect rents does not show power to contract for the payment of rents in anything aside from money, as for board of the agent and family.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

THURSDAY, JANUARY 14, 1909.

SUIT to recover rent. Counterclaim for board and

other items. There was a verdict and judgment for the defendant, from which the plaintiff appeals.—*Reversed.*

*Voris & Haas,* for appellant.

*F. L. Anderson* and *Chas. W. Kepler,* for appellee.

Sherwin, J.—This was a suit brought to recover rent alleged to be due under a lease executed by the plaintiff to the defendant and for some other items not necessary to mention. The defendant admitted that rent for the months of December, 1905, and January, February and March, 1906, amounting to .$300, was due and unpaid, but in a counterclaim filed by him he asked to recover for board furnished to one F. Rouston and his wife during the term of his occupancy of the premises in question, and also quite an amount for heat alleged to have been furnished to other premises owned by the plaintiff. The case was tried to a jury, and a verdict was returned and a judgment entered thereon giving to the defendant practically all that he claimed.

The lease in question was negotiated by F. Rouston, who was at the time the plaintiff's agent in charge of the property, and the only testimony as to the scope of the agent's authority over the premises is contained in the testimony of said agent, to the effect that during all of the time that the property was occupied by the defendant he had full charge thereof, and had authority to collect all rents due plaintiff from defendant. On such evidence, and such evidence alone, the trial court instructed as follows: "A principal is bound by the action and declaration of its agent made within the scope of his agency. If you believe from the evidence that the agent, Rouston, had charge and control of the plaintiff's property that is in dispute. in this case, and was empowered to do all things necessary in relation thereto, then any agreement that he

may have made with the defendant would be binding upon the plaintiff." This instruction was followed by another one announcing the same rule, but applying it more in detail.

Complaint is made of these instructions by the appellant, and we think it is justly so made. The jury was therein told in effect that if it found that the agent, Rouston, had charge and control of the property, and was empowered to do all things necessary in relation to renting the same, any contract he may have made with the defendant for the individual board of himself and wife would be binding upon the plaintiff, and this we do not believe to be the law. The statement of the agent as to the scope of his authority amounted to no more than a statement that he had general supervision or control over that particular property, and, if it be said that the authority thus conferred upon him made him in a sense the general agent of the plaintiff as to such property, it is still true that he could bind the plaintiff when, and only when, he was acting within the scope of his authority as such agent. It is the general rule that an agent having power to collect rent has no authority to receive anything in payment therefor except cash, and that he can not bind his principal by any arrangement short of an actual collection and receipt of the money. Mechem on Agency, section 375. The authority of a general agent is not held to be unlimited, and, by the weight of authority, the rule is established that such authority must necessarily be restricted to the transaction within the scope of the business of the principal with which he is concerned. It is possible that the question of the agent's authority in this particular case was for the jury, taking into consideration the situation of the parties and of the property, but no such question was submitted to the jury. It was not told that, if it found that the board transaction was within the scope of the agent's authority, it should find for the defendant on

that issue, but it was instructed that, if the jury found that Rouston had general charge of the property, they should find for the defendant. As we have heretofore said, we do not think it a part of the general authority of an agent who has been employed to rent property and collect the rents to apply the rent in payment of his own board bill, and we are therefore constrained to hold that the instructions in question were erroneous. *Holman v. Omaha Ry. & Bridge Co.*, 110 Iowa, 485; *Schneitman v. Noble*, 75 Iowa, 120; Mechem on Agency, sections 286, 287. The record fails to show with any degree of certainty whether the property which the defendant claimed to have heated under an oral agreement with the plaintiff's agent Rouston was owned by the plaintiff and under the control of said agent, but from the instructions of the court we gather that such was the case. And, if we are correct in this, we think there was no error in submitting that question to the jury under the general instructions which we have noticed. If the plaintiff's agent had full charge and control of the property which was leased to the defendant and of the property which the defendant claimed he had furnished heat for, it is possibly true that a contract providing for such heat would be within the scope of the agent's authority, if his authority was as general as he claimed.

For the error pointed out, the judgment must be and it is *reversed.*