WILLIAM A. CRAWFORD vs. FRANKLIN R. HINDLE.

FEBRUARY 24, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is an action of debt on a judgment for $220.42, entered for the plaintiff in a Massachusetts court on June 27, 1919.   It was entered by reason of a written agreement for such judgment, signed by the plaintiff's attorney and purporting to be signed by two men as attorneys for the defendant.

The present case was brought in a district court and was appealed to the superior court, where the defendant added to the general issue a special plea, which he entitled an "equitable plea."   This was to the effect that the judgment in the Massachusetts court was not entered with his knowledge, consent or authority; that no attorney had his consent or authority to submit to such judgment, which, for that reason, was void and of no effect; that he had a meritorious defense in the Massachusetts court, since he was not indebted to the plaintiff as there alleged; and that therefore it would be inequitable and unjust and would

be conduct constructively fraudulent on the part of the plaintiff to compel him to pay the sum demanded.

The plaintiff demurred to this plea and the demurrer was sustained by the superior court in a decision, to which the defendant took an exception. Later the case was tried on the general issue before a justice of that court, sitting without a jury. The Massachusetts judgment was proved in a manner to which the defendant took an exception, which he has since abandoned.

Among the papers from the Massachusetts court, which were put in evidence by the plaintiff, was the above-mentioned agreement for a judgment for the plaintiff. Besides the signature of the plaintiff's attorney in the Massachusetts case, it bore what purported to be the signatures of two attorneys, who were described in the agreement as the defendant's attorneys. Evidence was then introduced for the defendant, that the first of these two names was that of the defendant's attorney, but that he had never signed or consented to the agreement; that what purported to be his signature was in the handwriting of the second attorney whose name was on the agreement as attorney for the defendant; that this second attorney was an associate but not a partner of the first attorney and had never been engaged by the defendant to represent him in the case; and that the defendant never consented to an entry of judgment against him and did not owe the sum demanded. It was stipulated that the second attorney had meantime died.

There was no other evidence in the case and at its conclusion the trial justice made a decision for the plaintiff for the amount of the Massachusetts judgment and accrued interest. The case is now before us on an exception taken by the defendant to that decision and on his exception to the decision sustaining the plaintiff's demurrer to the defendant's so-called equitable plea.

The defendant has contended before us that when an action is brought in this state on a judgment rendered against him in another state on an agreement for such entry, signed by a lawyer as attorney for the defendant, such judgment can be attacked collaterally on the ground that the lawyer, who thus signed the agreement, did so without authority.

In support of this contention he relies upon a particular doctrine, which has been adopted and applied by the courts of the United States and by the courts of a number of states, that when an action is brought in one state on a judgment recovered in a court of another state and the jurisdiction of that court over the person of the defendant rests solely on an entry of appearance for him by an attorney, it is a good defense that such entry of appearance was not authorized by the defendant.

But that doctrine, in the courts where it has been adopted and applied, rests entirely on a more fundamental doctrine, which has been well stated by *Gray, C. J.*, in *Gilman* v. *Gilman,* 126 Mass. 26, at page 27, as follows: "It has been often decided by this court, that the record of a judgment of a court of another state is entitled to full faith and credit in this Commonwealth under art. 4, §1 of the Constitution of the United States, only when the court had jurisdiction of the cause and of the parties; and that the defendant, when sued upon the judgment here, may plead and prove, notwithstanding any recitals in the record thereof, that he was not duly served with process, and did not authorize an attorney to appear for him, in the action in which the judgment was rendered." See also, as to this more fundamental doctrine, in the Supreme Court of the United States, *Thompson* v. *Whitman,* 18 Wall. 457.

The law in this state on this subject was stated in *Rathbone* v. *Terry,* 1 R. I. 73, at page 79, as follows: "From a full examination of the subject, we consider it as a settled

principal of law, that in a suit on a judgment of a court of a sister state, where it appears, by the record of the judgment, that at the time of the service of the writ the defendant was not resident in that state, and was not notified, and did not appear to defend the suit; or where these facts are proved by evidence not contradicting the record, such judgment cannot be received as evidence of a debt due from, or of a promise made by, the defendant, but must be treated as a nullity so far as it is attempted to be executed against the person of the defendant."

Other states have rejected the more particular doctrine relied on by the defendant in the instant case, as above stated. But, even if that doctrine be accepted here, it does not control the decision in the instant case in which, so far as appears, the defendant was duly served with legal process in the Massachusetts case or duly entered his appearance therein. There is nothing to indicate that the Massachusetts court did not have jurisdiction both over the subject matter of the case there and over the person of the defendant, and it is not denied that it had.

Notwithstanding this, the defendant contends that we should hold that the defendant can leave the Massachusetts judgment against him in full force and effect and yet have a valid defense against an action on it here, if he introduces uncontradicted evidence that the agreement for entry of judgment against him, which bore what purported to be the signature of his attorney of record in the Massachusetts case, and which the court there recognized as valid, and in reliance on which the judgment was entered, was not signed by that attorney or by his authority or with the consent of the defendant, but by another, unauthorized attorney, now deceased.

This would be going much beyond the particular doctrine above mentioned as relied on by the defendant here and adopted in some states, and would still further, and, in our

judgment, unwarrantably, limit the effect of the full faith and credit clause of the Constitution of the United States. This court has not yet gone so far; the defendant has not cited to us any case in which a court has gone so far; and a considerable search has not disclosed to us any such case. Moreover, such an attack upon a judgment of another state has no more support in equity than at law.

It has been held by most courts of last resort, in which the question has been decided, but has been denied by some others, that the enforcement of such judgments may be permanently enjoined by courts of equity, if it is proved that the respective judgments were obtained by the plaintiffs by fraud of certain kinds and operating in certain ways; or that such proof of fraud may be available to a defendant by way of equitable defense. *Abercrombie* v. *Abercrombie,* 64 Kan. 29, 67 P. 539; *Levin* v. *Gladstein,* 142 N. C. 482, 55 S. E. 371, and note in 32 L. R. A. (N. S.) 905. But in the instant case no fraud by the plaintiff was proved or even alleged.

The so-called "equitable plea" filed by the defendant did not allege any such fraud and we have above held that the facts which were alleged in that plea would not constitute a legal defense. Therefore the demurrer to that plea was properly sustained in the superior court. As the defendant introduced in the case no evidence except what we have above held to constitute no defense to the action, it follows that the final decision for the plaintiff which was entered by that court was correct.

The defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Francis I. McCanna, Archie Smith,* for plaintiff.

*Henry M. Boss,* for defendant.