IN RE ESTATE OF LEROY W. F. ROEDELL, deceased.

No. 50484.

JANUARY 9, 1962.

Clewell, Cooney & Fuerste, of Dubuque, for appellant.

Kintzinger & Kintzinger, of Dubuque, for appellee.

SNELL, J.—This action, originally in probate, was, by agreement, tried in equity. The prize for which the litigants contend is property in an estate. The sole issue is the validity of an Illinois divorce decree.

LeRoy W. F. Roedell, hereinafter called the decedent, died intestate in Dubuque County on September 8, 1957. He had been a resident of Chicago for many years. His mother, Stella Roedell, was appointed administratrix in Iowa and thereafter listed herself as his sole heir-at-law.

By letter, application to establish widow's distributive share, and objections to final report, Mildred O. Roedell, hereinafter

called the objector, claimed the rights and share of a surviving widow. Mildred O. Roedell, the objector, prevailed in the trial court. Stella Roedell, individually and as administratrix, appealed.

After a long courtship decedent and objector were married August 8, 1931, in Des Moines where objector had lived with her sister since 1922. Objector's residence in Des Moines was well known to decedent. After the marriage they lived intermittently with his parents in Dubuque. Marital trouble developed. On June 7, 1932, objector left and returned to the home of her sister in Des Moines. She lived in Des Moines from that time until November 1943, a period of over 11 years. She never returned to the home of her husband's parents. Shortly after the separation, decedent moved to Chicago. He lived there until his death. Until the time of his death decedent made regular and frequent visits to the home of his parents. He had property in Dubuque. He died there. His estate is being probated there.

There is evidence that decedent knew where objector was living in Des Moines. Letters written from her Des Moines address were "returned to sender." On two occasions he was seen parked in his car across the street from where she lived. On one of these occasions objector was in the yard in plain sight. There was never any conversation between them after 1932.

Objector was employed by the Department of Agriculture. In 1943 she was transferred to New York. In 1944 she was transferred to Washington, D. C. She has lived in the same building since November 1945 and has, during the material years, had a telephone listed in her name.

For a number of years, attempts by objector and her friends and intermediaries to contact decedent by letter and telephone were rebuffed, but we are convinced that decedent knew where she was.

On two different occasions in 1945 and 1946 in conversations with two different witnesses decedent stated that he knew where objector was. On one occasion he said that she had "a pretty good job in Washington, D. C."

It is unnecessary for us to set forth in detail the evidence offered by objector. In the main it is undisputed. It is attacked by the administratrix as questionable, suspect and secondary. By its very nature the evidence is difficult to controvert but it cannot be brushed aside unless we are to brand it all as a conspiracy to commit perjury. This we are not willing to do. We are convinced that after June 7, 1932, decedent knew objector was living in Des Moines and that in 1945 and 1946 he knew she was living in Washington, D. C. He knew she was not in the home of his parents in Dubuque and that their home was the one place of all others where she could not be reached. The idea that decedent could think his parents' home in Dubuque was objector's last known address is untenable.

On October 1, 1946, decedent filed a Complaint for Divorce against objector in the Superior Court of Cook County, Illinois. Coincident therewith decedent caused to be filed an Affidavit of Nonresidence. This affidavit states "that defendant resides out of this State and on due inquiry cannot be found so that process cannot be served upon said MILDRED O. ROEDELL, and that upon diligent inquiry her present place of residence cannot be ascertained; and affiant further states that the last known place of residence of such defendant is c/o Roy C. Roedell, Rockdale Road, Dubuque, Iowa." Roy C. Roedell was decedent's father. Notice of the action was published. Copy of the publication notice was mailed by the clerk of court to Mildred O. Roedell, c/o Roy C. Roedell, Rockdale Road, Dubuque, Iowa, on October 7, 1946. It was not delivered. On November 23, 1946, it was returned to the clerk with a notation on the envelope "moved."

On February 27, 1947, decedent filed in the office of the clerk an Affidavit as to Military Service. It stated, "It is believed that Defendant is not in military service. In August 1946 Defendant was not in military service as she telephoned to a mutual friend advising her that Defendant was passing through Chicago en route to the Coast. No word has been heard of or from Defendant since."

Order of Default against defendant (objector) was entered November 8, 1946. On February 4, 1947, evidence in support of the complaint for divorce was taken, and a transcript thereof

filed on February 27, 1947. Decree for Divorce was entered February 27, 1947.

The proceedings appear regular. Unless there was jurisdictional fraud the Illinois divorce decree was valid.

It is not for us to review the evidence on which the divorce decree was based. The sole question before us is whether fraud was practiced on the Illinois court in showing jurisdiction.

Objector first learned of the divorce in August 1957 about a month before decedent's death. In September 1957 a friend of objector told her of decedent's death. She took timely action in the probate proceedings.

It is not our privilege to say who is most deserving of a decedent's property. The devolution of an intestate's property and the rights of a surviving spouse are fixed by statute. If the Illinois divorce is valid, objector cannot prevail. If the Illinois divorce is invalid, objector takes the distributive share of a surviving spouse according to the statute.

I. In furnishing an affidavit upon which a court must rely for jurisdiction, a litigant may not wash from his ears what he has heard, blot from his memory what he has known and direct the service of process down a blind alley. Subterfuge is not looked upon with favor.

Fraud on the court incident to due process is jurisdictional. A judgment or decree based on jurisdictional fraud is void. Korsrud v. Korsrud, 242 Iowa 178, 45 N.W.2d 848, and cases cited.

II. Death of one of the parties does not bar the vacation of an invalid divorce decree for the purpose of establishing property rights. Stitt v. Sunderman, 247 Iowa 1132, 77 N.W.2d 629.

III. The burden of proof to establish fraud is upon the party pleading the same. Johanik v. Des Moines Drug Co., 240 Iowa 310, 36 N.W.2d 370, and cases cited therein.

The general rule is stated in 27B C. J. S., Divorce, section 420, page 950, as follows: "The decree is presumptively entitled to full faith and credit unless it is affirmatively demonstrated that the court did not have jurisdiction * * *. It follows from these presumptions that the burden of impeaching a

foreign decree for want of jurisdiction rests on the party who asserts its invalidity, such as a lack of jurisdiction of the parties, or lack of service of process."

IV. To warrant the setting aside of a judgment in a collateral proceeding for fraud, the evidence should clearly establish the fraud. Reimers v. McElree, 238 Iowa 791, 28 N.W.2d 569; Hulverson v. Hutchinson & Co., 39 Iowa 316.

In cases involving allegations of fraud various words are used in stating the quality and quantum of proof required. An allegation of jurisdictional fraud attacking a judgment or decree of a sister state is a matter of concern. The evidence to sustain such an allegation should be clear, satisfactory and convincing. 27B C. J. S., Divorce, section 429, page 960. The evidence here meets the required test.

V. In brief and argument the administratrix concedes the right of an Iowa court to sustain for extrinsic jurisdictional fraud a collateral attack upon a foreign divorce decree. 17A Am. Jur., Divorce and Separation, section 951, states the rule as follows:

"Substantial compliance with the laws on service of process being jurisdictional, if the plaintiff, or the official charged with securing service of process, fails to comply with the statute on service of process, the decree is void and may be collaterally attacked in another jurisdiction, particularly where the failure to comply with the statute was intentional and the plaintiff filed a false affidavit for service by publication for the purpose of obtaining a divorce without actual notice to the defendant. If there is a denial of due process of law in the procedure by which the defendant was served, or in the constructive service, in a divorce case the decree is void for want of jurisdiction, and it is not entitled to full faith and credit. Due process of law requires that a reasonable and good faith effort be made to notify the absent spouse of the pendency of the divorce action; and where plaintiff filed a false affidavit that he did not know the address of the defendant, and he gave a false 'last known address' so that he could obtain a service by publication and a mailing of notice that would not reach the defendant, the

divorce is void because of a denial of due process of law, and is not entitled to full faith and credit."

See also Olds v. Olds, 219 Iowa 1395, 260 N.W. 1, 261 N.W. 488; Beeman v. Kitzman, 124 Iowa 86, 99 N.W. 171.

In Atkins v. Atkins, 393 Ill. 202, 208, 65 N.E.2d 801, 804, the Supreme Court of Illinois in analyzing the Williams cases decided by the U. S. Supreme Court (Williams v. North Carolina, 317 U. S. 287, 63 S. Ct. 207, 87 L. Ed. 279, 143 A. L. R. 1273, and 325 U. S. 226, 267, 65 S. Ct. 1092, 1113, 89 L. Ed. 1577) said that the full faith and credit clause operates only with respect to judgments rendered by a court whose jurisdiction either as to the subject matter or the person is not impeached. "No state need give full faith and credit to a 'void' decree. A decree rendered by a court without 'jurisdiction' is 'void.' * * *."

VI. Provision for jurisdiction by publication and mailing of notice is found in Illinois Rev. Stat., chapter 100, section 9. The parties agree that the Illinois law at the time of the divorce action required the mailing of notice to last known place of residence. The statute required the clerk to mail the notice to defendant at the last known place of residence as stated in the Affidavit of Nonresidence.

Illinois Rev. Stat. (1945), chapter 110, section 138, provides: "Whenever, in any civil action affecting property or status within the jurisdiction of the court, or in any action at law to revive a judgment or decree, plaintiff or his attorney shall file, at the office of the Clerk of the court in which his suit is pending, an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him, and stating the place of residence of such defendant, if known, or that upon diligent inquiry his place of residence cannot be ascertained, the Clerk shall cause publication to be made in some newspaper published in the county where the suit is pending, and if there be no newspaper published in such county, then in a newspaper published in an adjoining county in this State, having a circulation in the county in which suit is pending, containing notice of the pend-

ency of such suit, the title of the court, the title of the case, showing the names of the first named plaintiff and the first named defendant, the number of the case, the names of the parties to be served by publication, and the date on or after which default may be entered against him; and he shall also, within ten days of the first publication of such notice, send a copy thereof by mail, addressed to each such defendant whose place of residence is stated in such affidavit. The certificate of the Clerk that he has sent such copy in pursuance of this section shall be evidence that he has done so."

The Affidavit of Nonresidence is jurisdictional and there must be strict compliance. In Anderson v. Anderson, 292 Ill. App. 421, 426, 11 N.E.2d 216, 218, it is said: "The law contemplates and requires that every defendant be given the best possible notice of the pendency of a suit and it is only where personal service cannot be had that substituted service is permitted. The affidavit required under the statute was no doubt intended to exclude every possibility of personal service .* * * Even though Annie Anderson's 'present place of residence' was unknown and 'could not be ascertained,' when the affidavit was filed 'due inquiry' might have disclosed where she could be found. Every authority bearing upon the question under consideration that has been called to our attention holds that a strict compliance with every requirement of the statute is necessary to invest the court with jurisdiction where the service is by publication." (Citing authorities)

See also Hustana v. Hustana, 22 Ill. App.2d 59, 62, 159 N.E.2d 265, 266.

In the Hustana case the court, before discussing procedural problems, said: "It must be conceded at the outset that the petition of the wife to vacate the decree set forth facts which, if proved, would put plaintiff in the position of having practiced a fraud upon defendant and upon the court; if such fraud was practiced, the court did not have jurisdiction of the person of the wife at the time of the entry of the decree, and the decree would therefore be void."

The trial court after hearing the evidence found that

the Affidavit of Nonresidence executed and filed on October 1, 1946, "was false and fraudulent when executed and filed and that at that time, the Decedent well knew that the last known residence of the Objector was not c/o Roy C. Roedell, Rockdale Road, Dubuque, Iowa, and on the contrary knew after the separation of the Decedent and Objector on June 8, 1932, that the Objector moved to and resided in Des Moines, Iowa for several years and that he thereafter knew in 1946, prior to the execution of said Affidavit, that the Objector was residing in Washington, D. C. The Court finds that said Affidavit was false and fraudulent and was falsely and fraudulently executed and filed for the purpose of invoking the jurisdiction of the Court in said divorce proceedings and by reason thereof said Court acquired no jurisdiction over this Objector in said action", and held "that the judgment entered in said divorce action is a nullity and void and that the Objector, Mildred O. Roedell, is the surviving widow of the Decedent, LeRoy W. F. Roedell, and is entitled to all the property rights of a surviving widow in Decedent's Estate."

We agree. The judgment and decree of the trial court is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.