JUANITA KESTER, administratrix of estate of Connie Kester, deceased, appellee, v. TRAVELERS INDEMNITY COMPANY of Hartford, Connecticut, et al., appellants.

No. 51724.

(Reported in 136 N.W.2d 261)

June 30, 1965.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellants.

Doran, Doran, Doran & Courter, of Boone, for appellee.

Thornton, J.—This is an interlocutory appeal from a ruling of the trial court overruling defendants' motions to strike and to dismiss.

Plaintiff brings this action for the negligent death of her decedent while a patron in the swimming pool operated by defendant city. Defendants are the city, two of its employees and

its liability insurer. The petition is in two counts, one based on specific negligence and in the other plaintiff relies on the doctrine of res ipsa loquitur. In paragraphs six and ten of Count I and by reference in Count II plaintiff alleges defendant insurer issued a liability policy to defendant city for which defendant city paid a valuable premium and by virtue thereof defendant insurer assumed primary obligation on behalf of defendant city and its employees in the operation of the swimming pool, that the insurer is a real party in interest and liable concurrently with defendant city, and set forth the policy limits. A copy of the policy of insurance was not attached to or set out in the petition.

Defendants moved to strike the allegations relative to the insurer as being improper, immaterial and frivolous, to dismiss as against the insurer, and in the event of an adverse ruling thereon to require plaintiff to state whether the policy was in writing or oral and if in writing to set forth the same in full as required by rule 91, Rules of Civil Procedure.

On the hearing on the motions defendant insurer offered to produce the policy so plaintiff could attach it to the petition by amendment. In this state of the pleadings the trial court, Judge Uhlenhopp presiding, properly stated the question was whether defendant insurer is an indemnitor or assumed primary liability of the torts of the other defendants, overruled the motion to strike and to dismiss, ordered defendant insurer to produce the policy and plaintiff to amend its petition setting forth a copy of the policy in full.

Upon plaintiff amending her petition as required, defendants filed new motions to strike paragraphs six and ten in Count I and the same as pleaded by reference in Count II and all references to the insurer, its policy and the copy of the policy attached, as it now appears defendant insurer had not assumed primary liability for the other defendants and such were immaterial, frivolous and improper matter and the insurer was not a proper party. Defendants moved to dismiss as to the insurer for the reason the petition failed to state facts on which any relief could be granted against the insurer and any purported action against the insurer was premature. The trial court overruled these motions stating the ruling of the first judge was reaffirmed.

■ I. These motions were good and should have been sustained, striking all allegations and all references to the insurer, the copy of the policy, and dismissing the action.

Rule 28, Rules of Civil Procedure, provides as follows:

"Dependent remedies joined. An action heretofore cognizable only after another has been prosecuted to conclusion may be joined with the latter; and the court shall grant relief according to the substantive rights of the parties. But there shall be no joinder of an action against an indemnitor or insurer with one against the indemnified party, unless a statute so provides."

Section 516.1, Code of Iowa, 1962, in pertinent part provides:

"Inurement of policy. All policies insuring the legal liability of the insured * * * shall * * * contain a provision providing that, in event an execution on a judgment against the insured be returned unsatisfied in an action by a person who is injured or whose property is damaged, the judgment creditor shall have a right of action against the insurer to the same extent that such insured could have enforced his claim against such insurer had such insured paid such judgment."

The pertinent insuring agreement in the policy is:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at anytime resulting therefrom, sustained by any person, caused by accident and arising out of the hazards hereinafter defined."

The applicable condition in the policy is:

"Action Against Company.

"Coverages A [set out above] and B.

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the

extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability."

The rule, statute and policy provisions make it clear the cause of action here brought by plaintiff against the insurer does not arise until plaintiff is in the position of a judgment creditor of the insured, or the amount of her claim has been determined by a written agreement of the insured, insurer and plaintiff, and that such action cannot be joined with an action against the insured. Stucker v. County of Muscatine, 249 Iowa 485, 87 N.W.2d 452; McCann v. Iowa Mutual Liability Insurance Co., 231 Iowa 509, 1 N.W.2d 682; Rhoads v. Perdue, 239 Iowa 1030, 33 N.W.2d 371; and Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, 102 F. Supp. 214 (N. D., Iowa, 1952).

In Rhoads, supra, at page 1033 of 239 Iowa, pages 372 and 373 of 33 N.W.2d, we said:

"The claim would have to be established against the county [insured] before the indemnitor could be sued. * * * This is especially true by reason of Rule 28, Rules of Civil Procedure."

Rule 28 specifically provides for the joinder of an action heretofore cognizable only after another has been prosecuted to conclusion with the latter, except in the type of action we have here. Such joinder is prohibited by the second sentence of the rule.

All references to the insurer including that in the caption and the copy of the policy are immaterial to the issues between plaintiff and the insured and are improper and unduly prejudicial to the insured. Such pleading amounts to an unjustified and persistent attempt to inject immaterial and improper matter into the trial. See McCornack v. Pickerell, 225 Iowa 1076, 283 N.W. 899.

II. Plaintiff urges rule 2, Rules of Civil Procedure, "Every action must be prosecuted in the name of the real party in interest.", in support of the trial court's ruling, and from it argues because the suit is within the policy limits the insurer is primarily liable. Rule 2 has no application here. Crozier v. Lenox Mutual Insurance Association, 252 Iowa 1176, 1180, 110

N.W.2d 403. This action is ruled by the statute, rule and policy provisions set out above.

 She also urges the ruling is proper because defendants were entitled to file only one motion to strike unless the pleading is amended thereafter. Rule 111, Rules of Civil Procedure. Here, of course, the amendment to the petition was material to both counts and the actions against the insurer and made the pleading clear as to the liability of the insurer. The motions after the amendment were proper. She argues under rule 116, Rules of Civil Procedure, defendants should have offered evidence to sustain their original motions and their failure to do so does not entitle them to the benefit of the amendment provided in rule 111, Rules of Civil Procedure. This position is untenable. Motions to strike improper and immaterial matter and because defendant is an improper party and motions to dismiss are directed to the pleadings as they stand. They cannot be aided by evidence. See Author's Comment to rules 116 and 80(b), 1 Cook, Iowa Rules, Rev. Ed., pages 747 and 529. Allegations in support of a motion to dismiss constitute a "speaking demurrer." Harrison v. Allied Mutual Casualty Co., 253 Iowa 728, 113 N.W.2d 701.

Attention again is directed to rule 118, Rules of Civil Procedure, requiring separate rulings.

The case is reversed and remanded with directions to sustain the motions to strike and to dismiss.—Reversed and remanded.

All JUSTICES concur.