Grant T. MULLENAX and Eleanore M. Mullenax, Appellants,

v.

LIGHTHOUSE REALTY CORPORATION OF PORT CHARLOTTE, Appellee.

Court of Appeals of Kentucky.

April 29, 1966.

B. C. Green, Green & Connor, Owensboro, for appellants.

Philip B. Hayden, Bugay, Cooper & Hayden, Owensboro, for appellee.

WALLIS DOWNING, Special Commissioner.

This action was filed by appellee, a Florida corporation, in the Daviess Circuit Court, against the appellants who were residents of Daviess County, Kentucky. The action is based upon a default judgment entered against the appellants in the Circuit Court, Twelfth Judicial Circuit of Florida, on the 26th day of August, 1963. By its terms a real estate commission was awarded appellee for the sale of two unimproved lots owned by appellants.

Service of process was attempted upon appellants, who were nonresidents of the State of Florida at the time, through the Secretary of State under Florida Statutes 47.16 and 47.30, F.S.A., which statutes provide for service upon nonresidents who are engaging in business in the State of Florida.

Appellants filed a motion to dismiss the complaint, and filed certain affidavits and exhibits, and questioned the validity of the judgment sued upon, and the

jurisdiction of the Florida court to enter a personal judgment. The appellants denied that they were subject to the jurisdiction of the Florida court. Appellants also filed a counterclaim with exhibits and affidavits. The procedure in the Florida court conforms to its statutory requirements which allowed the service of process on nonresidents engaged in a business in the State of Florida. The Florida judgment is enforceable unless impeached for lack of jurisdiction over the parties, or over the subject matter, or for failure to have a valid service of process, or for fraud in obtaining a judgment.

The record here shows specifically the manner in which jurisdiction was acquired. The ·appellants were not engaged in any business in Florida other than investment in these lots in a section zoned commercially. There is no claim that the lots were purchased for a homestead. The Florida court held that it had jurisdiction. The appellants were engaged in a business venture in Florida, and did attempt to sell this property through the appellee, and the sale was ultimately consummated by another agent. It has been determined by the Florida courts in the cases of State ex rel. Weber, et ux. v. Register, Fla., 67 So.2d 619, and Oxley v. Zmistowski, Fla.App., 128 So.2d 186, that a person is engaged in a business venture in Florida when engaging a real estate agent and selling property not used for a homestead. The homestead distinction is made in the case of Hayes et al. v. Greenwald, Fla.App., 149 So.2d 586. The Florida service on the Kentucky defendants through the Secretary of State is a proper service under Florida law. The Kentucky courts recognize the judgment of the Florida court, and there is nothing shown in the record to set it aside in Kentucky.

Appellants contend that general issues of material fact were raised, and for this reason summary judgment should not have been granted. Our examination of the record convinces us that this contention is without merit. It is further argued that the court improperly considered certain exhibits. These exhibits did have some materiality but, in any event, the question to which they were directed was resolved by other exhibits and affidavits.

It is also contended that the court abused its discretion in refusing to allow appellants to take the deposition of the President of the appellee corporation, who resided in Florida. The purpose of this deposition is not shown and we cannot imagine what bearing this witness' testimony could have on the issues involved in this proceeding. We think the circuit court properly declined to permit this apparently dilatory procedural step.

A counterclaim was filed by appellants in which they sought damages against appellee. It appears from the record that the circuit court did not consider this counterclaim, and by inference it was dismissed.

The Florida law (Rule 1:13(a), 30 F.S.A.) and the Kentucky law (CR 13.01) contain compulsory counterclaim sections. The appellants probably could not successfully prosecute a separate suit to recover on their claim against the appellee in Florida. If they have a claim against the appellee, they must file it as a counterclaim. The appellants have elected to file their counterclaim in Kentucky.

Under our former Civil Code, on a complaint in Kentucky to enforce a foreign default judgment, a counterclaim could be filed even though it was not filed as a set-off in the foreign state. Bishop's Administrator v. Bishop, et al., 162 Ky. 769, 173 S.W. 130. Under our Civil Rules, the same principle has been recognized where the original suit was filed in a federal court. Dixie Ohio Express Co. v. Eagle Express Co., Ky., 346 S.W.2d 30. The right to file a counterclaim in Kentucky is not barred by the failure to file the counterclaim in the Florida court.

The order of the circuit court adjudging recovery by the appellee against the appellants on the Florida judgment is proper. The circuit court should have permitted further proceedings on the counterclaim filed as an off-set.

The judgment is affirmed in part and reversed in part for proceedings consistent with this opinion.