Mobbie Sliekin, J.
Two cross petitions and writs of habeas corpus are pending before this court. The father, Brandon Chase, seeks the return and placement of custody of the child, Andrea. The mother, Sandra Chase, seeks an order placing the custody of the two children, Barry and Libby, with her.
A motion has been made to dismiss the writ of habeas corpus and petition of the father on two grounds: (a) this court does not have jurisdiction of the child Andrea who is the subject of the writ, and (b) that this court must give full faith and credit to a decree of the Louisiana court granting custody of the child Andrea, as well as the other two children of the parties, to Sandra Chase.
This motion must be denied in all respects.
This court has jurisdiction of the child Andrea and the issues relating to her custody, in this proceeding. The grant by the Legislature to the Supreme Court of power to modify or vary its final judgments was interpreted by the Court of Appeals to grant to the court a continuing jurisdiction after the entry of judgment over the parties and over the incidental subject matter. (Fox v. Fox, 263 N. Y. 68.) Section 1170 of the former Civil Practice Act, so interpreted in the Fox decision, has now been incorporated in section 240 of the Domestic Relations Law, which expressly reserves to the court the right, upon application of either party, to modify or amend directions theretofore made by the court relating to the care, custody and support of a child.
And, such jurisdiction continues, despite the absence from the State of one of the spouses (Grenier v. Grenier, 175 Misc. 406, affd. 261 App. Div. 1043) or the absence of both spouses and their children from this State (Church v. Church, 23 Misc 2d 189).
A like pattern of statutory authority exists under the provisions of the Family Court Act concerning the modification of an order of the court. An order of protection entered under *509 section 841 of the Family Court Act may be reconsidered and modified by the court under section 844 of the act. The interpretation of section 1170 of the former Civil Practice Act applies with equal validity to the provisions of the Family Court Act. This court finds that it retains a continuing jurisdiction over the child Andrea, despite her absence from the State, and over the issue of the custody of said child.
On January 11, 1968, this court, sitting as the Family Court, entered an order of protection which provided among other things that the custody of the three children of the parties be vested in their father, Brandon Chase. The term of that order was for a period of one year. It was in full force and effect at the time when Sandra Chase conoededly took the child Andrea from New York State, contrary to and in violation of the terms of that order, to the State of Louisiana.
This court, by virtue of its continuing jurisdiction over the parties and over the subject child, can dispose of the issue of the custody of that child in the present proceeding. To do otherwise would be to permit the mother, Sandra Chase, to gain a legal advantage through her wrongful act. It must be pointed out if there has been a change of circumstances, then the mother has the opportunity to prove such change of circumstances by appropriate relevant proof (cf. Matter of Berlin v. Berlin, 21 NY 2d 371).
Further, the child Andrea remains a New York domiciliary despite the fact that she was taken by Sandra Chase to Louisiana in violation of the order of this court.
As stated in Matter of Forbell (198 Misc. 753, 767): “ It is elementary that no wife who takes a child from the father lawfully in charge of it can thereby change the child’s domicile, or thereby acquire rightful possession, unless the father has forfeited the right to possession.”
To further support the finding of this court as to continuing jurisdiction, the mother of the- child, Sandra Chase, is presently subject to the jurisdiction of this court, having sought the help of this court by filing a companion writ of habeas corpus. This is hot the ease of a nonresident transient; this is a party to a proceeding actively seeking the help of this court through litigation. In such event, this court can entertain a proceeding relating to the care, custody and control of the absent infant (Matter of Horowitz v. Huttler, 39 Misc 2d 11).
ÁS to the second ground of the motion to dismiss the petition of the father, this court is not bound by the Louisiana decree of Separation insofar as it relates to the custody of the children of the parties.
*510 As to the children still residing in this State, the Court of Appeals has bluntly stated: ‘1 The full faith and credit clause does not apply to custody decrees.” (Matter of Bachman v. Mejias, 1 N Y 2d 575, 580.)
As to the child Andrea in Louisiana at the time of the entry of the decree of that court, the legal issue is whether or not the Louisiana court had personal jurisdiction over Brandon Chase to the extent that provisions of its decree are to be accorded full faith and credit. Concededly, he was neither a resident nor domiciliary of Louisiana and the service by mail of the process of the Louisiana court through its court officer was insufficient to obtain or confer jurisdiction. He did not appear in the action either in person or by an attorney designated by him for that purpose.
The decree entered by the Louisiana court was, therefore, rendered ex parte and is entitled to no effect whatsoever in this State, regardless of the domicile of the children. (May v. Anderson, 345 U. S. 528. See, also, People ex rel. Pritchett v. Pritchett, 1 AD 2d 1009, affd. 2 N Y 2d 947; Kallet v. Fitzpatrick, 131 N. Y. S. 2d 9.) A further ground to deprive Sandra Chase of the benefit of any of the provisions of the Louisiana decree, insofar as they relate to custody of the children, is that the record before the Louisiana court, to the extent that it has been disclosed to this court, fails to indicate that she advised the Louisiana court of the existence of the order of this court as Family Court, fixing custody of the children of the parties in the father, Brandon Chase. Such extrinsic fraud on the part of the mother would compel a failure to recognize the Louisiana decree even if otherwise entitled to full faith and credit. (Oldham v. McRoberts, 21 A D 2d 231; Averbuck v. Averbuck, 270 App. Div. 116.)
A cross motion has been made on behalf of the father as to the petition and writ of habeas corpus instituted by the mother for the custody of the two children of the parties still located in this State, which in effect seeks that the mother be held in violation of the order of custody made by the Family Court, that she shall be compelled to appear and produce the child Andrea, and that in the event she shall fail to produce herself and the child Andrea before this court on a date certain, her petition and the writ of habeas corpus shall be dismissed, and the relief prayed for by the father in his return be granted.
The court has heretofore directed and ordered that the trial of these companion proceedings will not proceed until the mother produces the child now in the State of Louisiana before *511 the New York court so that any determination of the New York court will not be an exercise of vain rhetoric. Although this court was advised that the mother was ill and unable to appear before the court, no medical certificate attesting to that fact has been produced, although requested. The court now directs that this proceeding will be set down for hearing on a day certain to be fixed by the court, although that date cannot be fixed at this time. If on that day the child Andrea is not produced by the mother before the court and the mother does not appear ready to proceed, the court will direct that the habeas corpus proceeding instituted by the mother for the custody of the two children presently in New York State will be dismissed, and that this court will thereupon order that the custody of the two children still in the State of New York with their father be awarded to their father.