S. MITCHELL AXELROD AND GERALD A. AXELROD, *partners doing business as* S. M. AXELROD & SON, *a partnership*

*v.*

PREMIER PHOTO SERVICE, INC., *a corporation*

(No. 12849)

Submitted February 10, 1970.            Decided April 21, 1970.

*Richard F. Pence,* for appellant.

*Burk & Bayley, Robert W. Burk, Robert W. Burk, Jr.,* for appellees.

CALHOUN, JUDGE:

This case involves a civil action instituted in the Circuit Court of Wood County by S. Mitchell Axelrod and Gerald A. Axelrod, doing business as S. M. Axelrod & Son, a partnership, as plaintiffs, against Premier Photo Service, Inc., a corporation, of Parkersburg, West Virginia, as the defendant, to recover judgment in that court on a judgment for the sum of $5,865.45 rendered in favor of the plaintiffs against the defendant on January 27, 1967, by the Supreme Court of the State of New York, for the County of New York, which is a court of record.

By an order entered on July 19, 1968, the Circuit Court of Wood County gave full faith and credit to the New York judgment and accordingly entered judgment in the civil action in favor of the plaintiffs and against the defendant for the sum of $6,359.92, plus interest at the rate of six per cent from the date of the judgment, which sum of $6,359.92 represents the amount of the New York judgment plus interest

thereon at the rate of six per cent. From the judgment of the Circuit Court of Wood County, Premier Photo Service, Inc., has been granted the appeal to this Court.

The basic question presented for decision on this appeal is whether the Circuit Court of Wood County erred in giving full faith and credit to the judgment of the New York court in accordance with the provisions of Section 1 of Article IV of the Constitution of the United States.

The judgment of the New York court was based on a written contract by which Premier Photo Service, Inc., which may be referred to hereafter in this opinion as Premier or as the purchaser, agreed to purchase a certain quantity of "Melton Cloth" from S. M. Axelrod & Son, a partnership which maintains offices in New York City and Boston, Massachusetts, and which may be referred to subsequently in this opinion as Axelrod or as the seller. The purchase offer was made to and accepted by the New York office. The written agreement, which constituted an offer to purchase and an agreement to sell, was signed and executed on behalf of the purchaser by A. K. Summers, president of Premier.

The written contract contains the following provision:

"8. ARBITRATION: (a) Any controversy or claim arising under or in relation to this contract or order, or any modification thereof, shall be settled by arbitration which shall be held in the City of New York in accordance with the laws of the State of New York and the rules then obtaining of the American Arbitration Association, and the parties consent to the jurisdiction of the Supreme Court of the State of New York and further consent that any process or notice of motion or other application to the Court or a judge thereof may be served outside the State of New York by registered mail or by personal service, provided a reasonable time for appearance is allowed."

A dispute arose between the parties to the written contract, as a consequence of which Axelrod, the seller, gave notice to Premier, the purchaser, of an intention to arbitrate and of

a demand for arbitration pursuant to the terms of the contract. After a delay, involving in part letters dated May 18, 1966, and November 17, 1966, written on behalf of Premier by Jack L. Miller, an attorney of Parkersburg, an arbitration hearing was held in New York City on December 7, 1966, by the American Arbitration Association. Present and participating in the arbitration hearing on behalf of Premier were Jack L. Miller, its attorney and A. Karl Summers, its president. In Premier's answer to the complaint in the civil action, it is admitted that Premier participated in the arbitration hearing by the personal appearance of Jack L. Miller, its attorney and A. Karl Summers, its president.

After having heard the claims, contentions, evidence and argument of counsel submitted in behalf of the respective parties, the arbitrators unanimously held that Axelrod was entitled to recover from Premier the sum of $5,825.66. The complaint filed by Axelrod in the Circuit Court of Wood County alleges that, after the arbitration award was made, Axelrod, in accordance with the Civil Practice Law and Rules of the State of New York, made a motion for confirmation of the award by the Supreme Court of the State of New York, held in and for the County of New York, that notices of the motion were served upon Premier and upon its counsel, respectively, by certified mail, return receipt requested, and that Premier received such notice on December 22, 1966. The answer to the complaint admits receipt of the notice by Premier as alleged in the complaint.

On January 27, 1967, the Supreme Court of New York, for the County of New York, entered an order which recites the making of the arbitration award, the motion of Axelrod to confirm the award, the submission of an affidavit in support of the motion, "due proof of service" of the motion and the supporting affidavit, the default of Premier and its failure "to appear in opposition to said application". Thereupon judgment was rendered by the court in favor of Axelrod and against Premier for the sum of $5,865.45.

While the answer filed by Premier in the civil action in the Circuit Court of Wood County admits or fails to deny

essentially all allegations made in the complaint, the answer, by way of defense, asserts that A. Karl Summers had no authority to enter into the written contract with Axelrod; that such contract was not executed in the ordinary course of Premier's business; that A. Karl Summers had no authority to consent on behalf of Premier to the jurisdiction "of the Supreme Court of the State of New York" and no authority "to consent that any process or motion or other application to the Court or a judge thereof could be served outside the State of New York"; that the written contract is without consideration; that the arbitration is not binding upon Premier; that the arbitrators exceeded their authority; that the arbitrators' decision is null and void as a matter of law; that Premier was not served with process in the manner required by due process of law; and that, therefore, the judgment of the New York court is null and void.

At the request of counsel for the plaintiff, the civil action was placed on the pretrial docket. On April 12, 1968, the parties appeared by counsel in the Circuit Court of Wood County, at which time the case apparently was submitted to the court for decision upon the pleadings, certain exhibits consisting mainly of duly authenticated copies of records showing the arbitration proceedings and court proceedings held in New York City, and upon oral statements of counsel. Thereafter, on June 25, 1968, the Judge of the Circuit Court of Wood County directed a letter to counsel for the respective parties which was, in part, as follows:

> "At the pre-trial conference held in the above styled civil action, a question of law was submitted to the Court: 'Is the judgment, which is the subject matter of this civil action void or voidable, or is it a valid judgment of the Supreme Court of the State of New York, held in and for the County of New York, and entitled to full faith and credit under the Constitution of the United States?'

> "Having examined the authorities submitted, and the pleadings and exhibits filed in this cause, I am of the opinion that the defendant waived personal service in the State of New York and consented to service of process by mail; that such procedure vested

in the Supreme Court of New York jurisdiction of the person of the Defendant, Premier Photo Service, Inc., a corporation, and that the judgment is valid."

On July 19, 1968, the circuit court entered its final judgment order as follows:

"Heretofore, this action was placed upon the pre-trial docket and on the 11th day of October, 1967, was pre-tried before the Court and an Order then entered wherein certain facts were admitted and stipulated by the counsel for the respective parties to this action and the action was placed on the trial docket. Thereafter, at the calling of the docket for the April, 1968, Term of this Court the action was placed on the trial calendar, to be tried by the Court in lieu of a jury on the 12th day of April, 1968. On the 12th day of April, 1968, this action came on to be heard and was heard and tried by the Court upon all pleadings theretofore filed herein, upon the evidence adduced in behalf of the Plaintiffs and the Defendant, upon the argument of counsel, and upon the memoranda of the respective counsel filed in support of their arguments. Thereafter, on the 25th day of June, 1968, upon consideration of all of which, the Court made certain findings of fact and law and found that the judgment sued upon in this action is a valid judgment of a sister State and entitled to full faith and credit in the State of West Virginia and in this action.

"THEREFORE, by reason of all of the actions, and proceedings heretofore taken herein, and the findings of the Court, as aforesaid, it is ordered and adjudged that the Plaintiffs, S. Mitchell Axelrod and Gerald A. Axelrod, partners doing business as S. M. Axelrod & Son, a partnership, recover of the Defendant, Premier Photo Service, Inc., a corporation, of Parkersburg, West Virginia, the sum of Six Thousand Three Hundred Fifty-Nine and 92/100 Dollars ($6,359.92) with interest thereon at the rate of six percent (6%) per annum from and after the 25th day of June, 1968, and their costs of this action, to all of which the Defendant excepts and objects."

In its answer filed in the circuit court, Premier demanded a jury trial. As we construe the court reporter's transcript

of the proceedings had before the circuit court on April 12, 1968, and the circuit court's judgment order entered on July 19, 1968, the parties, voluntarily and by mutual consent, submitted the case for decision by the court in lieu of a jury.

We are of the opinion that a proper decision of the case depends primarily upon the question whether the written contract of purchase and sale was valid. It is conceded that A. Karl Summers is president of Premier and that as such he signed and executed the contract in behalf of Premier. Implicit in the opinion and judgment order of the circuit court is an adjudication that the written contract was valid and binding upon Premier. We are of the opinion that the trial court committed no error in holding that the written contract was valid and that the judgment of the New York court was valid and entitled to full faith and credit.

"The general principles of the law of agency apply to private corporations and their officers." *Union Bank & Trust Co. v. Long Pole Lumber Co.*, 70 W.Va. 558, pt. 2 syl., 74 S.E. 674. "The act of an agent within the apparent scope of his authority binds his principal." *Myers v. Summerville*, 90 W.Va. 486, pt. 1 syl., 111 S.E. 487. See also *Adrian Buckhannon Bank v. Sandridge & Sandridge, Inc.*, 122 W.Va. 343, pt. 1 syl., 9 S.E.2d 232; 19 C.J.S., *Corporations*, Section 996, page 458. On the subject of the authority of a president of a private corporation to bind the corporation by his acts as agent, the following statement appears in 19 Am. Jur. 2d, *Corporations*, Section 1169, page 595: "However, the broad view is taken in other cases that in the absence of a charter or bylaw provision to the contrary, the president of the corporation is the general manager of the corporate affairs, with the authority to act for the corporation in its business. The view is also taken that the president of a corporation will be presumed to have authority to do acts within the domain of the general objects of business of the corporation and within the scope of the usual duties of such officers. This latter view is considered more reasonable and practical." See also *Bluefield Supply Company v. Frankel's Appliances, Inc.*, 149 W.Va. 622, pts. 5, 6 and 7 syl., 142 S.E.2d 898; *Union Bank & Trust Co. v. Long Pole Lumber Co.*, 70 W.Va.

558, pt. 4 syl., 74 S.E. 674; 19 C.J.S., *Corporations,* Section 1024, page 507.

It is well settled that a corporation may ratify an unauthorized act of one of its officers or agents if the act is one within the corporate powers of the principal. 4 M.J., *Corporations,* Section 181, page 720. Under the laws of the State of New York, by which the validity of the judgment sued on must be tested, it is clear that participation in an arbitration proceeding may bind the principal. The following statement appears in *Duskin Sales, Inc. v. Rosenberg Bros. of Oregon,* 237 N.Y.S.2d 664, 667: "The petitioner, having participated in the arbitration proceeding, may not now question the existence of the contract between the parties and is estopped from raising the jurisdictional issue as to the subject matter." We are unable to discern from the record that Premier undertook to disavow or to repudiate the act of its president in executing the written contract at any time until after the civil action was instituted in the Circuit Court of Wood County.

To the extent that the judgment of the circuit court involved findings of fact, the following principle of law must be applied on this appeal: "The finding of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding." *In Re: Thacker,* 152 W.Va. 455, pt. 2 syl., 164 S.E.2d 301. We are of the opinion, however, that the question before the circuit court for decision was primarily, if not wholly, a question of law upon undisputed facts.

In its petition filed in this Court, Premier asserts that the judgment order entered by the Circuit Court of Wood County is in error to the extent that it recites pretrial proceedings, that the case was tried by the court in lieu of a jury and in other respects. The verity of the order of the court, constituting a recordation of the court proceedings, cannot be thus assailed on this appeal. *Blain v. Woods,* 145 W.Va. 297, pt. 3

syl., 115 S.E.2d 88; *Davis v. Fire Creek Fuel Company*, 144 W.Va. 537, pt. 9 syl., 109 S.E.2d 144.

In a case involving the question of giving full faith and credit to a judgment rendered by a court of a sister state, the Court made the following statement in the seventh point of the syllabus of *State ex rel. Lynn v. Eddy*, 152 W.Va. 345, 163 S.E.2d 472: "An adjudication by a court having jurisdiction of the subject matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as an incident to such matters and which comes within the legitimate purview of the subject matter of the action; and it is not essential that the matter should have been formally put in issue in the former litigation, but it is sufficient that the status of the action was such that the parties might have had the subject matter disposed of on its merits." If Premier desired to disavow the written contract or to deny the authority of its president to execute the contract, a defense of this character should have been urged before the arbitrators and even more particularly before the Supreme Court of New York, for the County of New York. Premier not having done so, the validity of the contract has been rendered res judicata by the judgment of the New York court.

The judgment rendered by the New York court must be accorded the same force and effect in this state as it has in the state in which it was rendered. The validity of that judgment cannot be assailed by a court in this state except upon the ground of lack of jurisdiction of the court which rendered the judgment or upon the ground of fraud in the procurement of the judgment. *State ex rel. Lynn v. Eddy*, 152 W.Va. 345, pts. 4 and 5 syl., 163 S.E.2d 472.

For reasons stated in this opinion, the judgment of the Circuit Court of Wood County is affirmed.

*Affirmed.*