Thelma STEARNS, Appellant,

v.

William STEARNS, Appellee.

No. 54542.

Supreme Court of Iowa.

June 17, 1971.

**734**

Korf, Diehl, Clayton & Cleverly, Newton, for appellant.

Brierly, McCall & Girdner, Newton, for appellee.

LeGRAND, Justice.

This is an appeal from an order sustaining defendant's motion to dismiss plaintiff's petition for divorce upon a finding by the trial court that a prior divorce decree obtained by defendant in Rhode Island constituted a complete bar to plaintiff's action here.

Plaintiff challenges the validity of the Rhode Island decree on the ground it was obtained by extrinsic fraud practiced upon both her and the Rhode Island court. She urges it is therefore not entitled to full faith and credit under Article IV, section 1 of the Constitution of the United States.

■ At the outset we feel obliged to say this issue is not properly determinable on a motion to dismiss. Such a motion admits all well pleaded allegations of a petition and is proper only when *no* relief could be granted, even assuming the truth of the allegations. Rule 104, Rules of Civil Procedure. Ke-Wash Company v. Stauffer Chemical Company, 177 N.W.2d 5, 9 (Iowa 1970); Nelson v. Wolfgram, 173 N.W.2d

571, 573 (Iowa 1970), ("limited to failure to state any claim on which *any* relief can be granted"); McCarthy v. McCarthy, 162 N.W.2d 444, 446 (Iowa 1968), ("facts not so appearing [in the pleading] except those of which judicial notice must be taken, must be ignored.")

■ Facts not alleged cannot be relied on to aid a motion to dismiss nor may evidence be taken to support it. Carmichael v. Highway Commission, 156 N.W.2d 332, 339 (Iowa 1968), and Kester v. Travelers Indemnity Company, 257 Iowa 1146, 1151, 136 N.W.2d 261, 264 (1965). A motion to dismiss "is not a proper vehicle for the submission of affirmative defenses." Harrison v. Allied Mutual Casualty Co., 253 Iowa 728, 731, 113 N.W.2d 701, 702.

Despite the foregoing authorities, the trial court in the case at bar heard several days of testimony on the motion. Its decision was based upon an evaluation of this evidence and a consideration of facts completely outside the petition. By stipulation it was agreed the sole issue on the hearing was "the validity of the purported Rhode Island divorce decree"—a matter which could not be determined on the pleadings. This is beyond the scope of a motion to dismiss.

Perhaps we should say, as we did in Harrison v. Allied Mutual Casualty Co., supra, that we cannot "sanction disregard of proper methods in determining controverted facts" even though such a course brings the case to an early conclusion.

■ However, the parties agreed to this procedure and they have been afforded a full evidentiary hearing on the issue. Furthermore this litigation is already three years old and it attacks a foreign decree entered almost four years ago. Therefore we consider the appeal, even though it reaches us under an improper procedure.

Plaintiff and defendant were married in 1947. They have three children, now 16, 12, and 10. Defendant was in the Navy for 28 years. Upon his retirement in 1964 he

became civil defense director for North Kingston, Rhode Island, a position he held until May 12, 1967. On November 22, 1966, defendant filed a petition for divorce in Rhode Island, alleging his wife was guilty of continuous drunkenness and extreme cruelty. Plaintiff was personally served with notice (or citation) of this action, to which was appended a copy of the petition. The record shows she was later served with notice the case would come on for hearing on its merits on April 24, 1967. She denies having received this second notice.

Defendant secured an interlocutory decree by default on April 24, 1967. It was made final in October of that year. He got custody of the three children. There was no provision as to property or alimony.

Immediately after the interlocutory decree—the next day—defendant brought his children to Newton, Iowa, where he had relatives and where he obtained a job with the Parsons Division of Koehring Company at a salary of $8000.00 a year. In addition he receives annual retirement compensation of $6000.00 from his navy service. Plaintiff, in the meantime, at defendant's urging, went to live with her sister in Virginia, where she remained for some few months. She then came unannounced to Newton to visit defendant and the children. This was in the latter part of November of 1967. She states she had no knowledge of a divorce until that trip to Iowa. She testified that, when the notice was served on her in Rhode Island, her husband told her to "forget about it." He assured her he had started the action "just to scare her" and to induce her to quit drinking. She says she relied upon these assurances and assumed there would be no proceedings requiring a defense by her.

Defendant, on the other hand, insists she knew all along the divorce was proceeding; that he knows the second notice which she now denies receiving was served on her because she talked to him about it; and that she knew a divorce had been granted

from the time the interlocutory decree was entered.

■■ Quite obviously the Rhode Island court had jurisdiction over both the subject matter and the parties, who at the time were residents of that state. The only way, then, that plaintiff can successfully challenge the decree is to show by clear and convincing proof the existence of *extrinsic* fraud in its procurement. Along with most courts, we hold intrinsic fraud will not vitiate a judgment when the court which renders it has jurisdiction of the subject matter and the parties.

■ Intrinsic fraud is that which inheres in the issues submitted to and decided by the court; extrinsic fraud is some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Extrinsic fraud includes lulling a party into a false sense of security or preventing him from making a defense. Longueville v. May, 115 Iowa 709, 711, 87 N.W. 432 (1901); Cook v. Cook, 259 Iowa 825, 830, 146 N.W.2d 273, 276 (1966); Sorenson v. Sorenson, 254 Iowa 817, 825, 119 N.W.2d 129, 134 (1963); Scheel v. Superior Manufacturing Co., 249 Iowa 873, 882, 89 N.W.2d 377, 382 (1958) and citations.

Plaintiff claims defendant did just that. She says she could have successfully defended the divorce action and would have done so except for defendant's false assurances that she need not do so.

We have said fraud sufficient to invalidate a judgment must be established by clear and convincing proof. Scheel v. Superior Manufacturing Co., supra, 249 Iowa at page 884, 89 N.W.2d at page 384; In the Matter of the Estate of Roedell, 253 Iowa 438, 443, 112 N.W.2d 842, 845 (1962).

If extrinsic fraud is established by that quantum of proof, then the weight of authority holds a foreign judgment is not entitled to be enforced either under the full faith and credit clause or by any rule of comity among the states. Coffee v. Na-

tional Equipment Rental Limited, 9 Ariz. App. 249, 451 P.2d 329, 331 (1969); Nelson v. Browning, 391 S.W.2d 873, 878 (Mo. 1965); LaVerne v. Jackman, 84 Ill.App.2d 445, 228 N.E.2d 249, 254 (1967); Mullenax v. Lighthouse Realty Corporation, 402 S.W.2d 437, 438 (Ky.App.1966); Axelrod v. Premier Photo Service, Inc., 173 S.E.2d 383, 388 (W.Va.1970); Lee v. Carroll, 146 So.2d 242, 243 (La.App.1962); Britton v. Gannon, 285 P.2d 407, 409 (Okl.1955); Levin v. Gladstein, 142 N.C. 482, 55 S.E. 371 (1906); Zelek v. Brosseau, 47 N.J. Super. 521, 136 A.2d 416, 421 (1957); Chase v. Chase, 58 Misc.2d 507, 296 N.Y.S.2d 229, 233 (1968); Restatement, Judgments, section 118(b), pages 571, 572; Annotation 55 A.L.R.2d 673, 681, 696. See also Crawford v. Hindle, 60 R.I. 135, 197 A. 433, 434 (1938) and Nevin v. Nevin, 88 R.I. 426, 149 A.2d 722, 727 (1959).

The trial court made no finding on this matter, apparently basing its ruling solely on the conclusion that, jurisdiction having been established, the Rhode Island decree was unassailable. From what we have already said, it is clear we disagree with this approach. However, we find plaintiff has failed to sustain her burden of proof in the quantum necessary to avoid the prior decree. Setting aside a judgment—either foreign or domestic—is a step which should not be undertaken lightly.

■ We have here only the uncorroborated testimony of plaintiff, which defendant specifically denies in every detail. She was admittedly served with notice of suit but did not appear. Even if we accept her version as to the first notice, it is unlikely she would have ignored the second one several months later without some further conversation with and assurances from her husband. Yet she claims none. Her denial of service of the second notice is not borne out by the record. Nor does her conduct from January to November—almost a full year—persuade us she was ignorant of the Rhode Island proceedings. It is quite true there are also inconsistencies in defend-

ant's testimony and there was conduct on his part which we do not attempt to rationalize away. But plaintiff has the burden to prove the fraud upon which she relies by clear and convincing proof. We hold she has failed to do so and the ruling is therefore affirmed.

Affirmed.

All Justices concur except MASON, STUART and RAWLINGS, JJ., who dissent.

MASON, Justice (dissenting).

I dissent on the basis plaintiff's challenge to the validity of the Rhode Island decree presents an issue not properly determinable as a motion to dismiss. I would reverse on this procedural ground.

STUART and RAWLINGS, JJ., join in this dissent.