# IN THE COURT OF APPEALS OF IOWA

No. 21-1552
Filed August 17, 2022

IN RE THE MARRIAGE OF VALERIE E. HUMLICEK
AND KEVIN G. HUMLICEK

Upon the Petition of
VALERIE E. HUMLICEK,
   Petitioner-Appellee,

And Concerning
KEVIN G. HUMLICEK,
   Respondent-Appellant.

_____

   Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

   A former husband appeals the denial of his petition to correct, vacate, or modify his dissolution decree. **AFFIRMED.**

   Craig H. Lane, Sioux City, for appellant.

   David L. Reinschmidt of Munger, Reinschmidt & Denne, LLP, Sioux City, for appellee.

   Considered by Bower, C.J., Tabor, J., and Potterfield, S.J.*

   *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**TABOR, Judge.**

When Kevin and Valerie Humlicek divorced in July 2012, they did so quickly and without negotiation. Kevin signed the divorce papers three days after receiving them and did not consult an attorney. The parties waived the ninety-day waiting period and the requirement that they file financial affidavits.

Fast forward seven years. Kevin petitioned to vacate the divorce decree, claiming Valerie fraudulently concealed assets which led to an inequitable property division. The district court found that any fraud would have been intrinsic to the dissolution action and as such, Kevin could not bring his claim more than one year after the decree. *See* Iowa R. Civ. P. 1.1013(1). Because we agree Kevin's claim is time-barred, we affirm.

## I.     Facts and Prior Proceedings

Kevin and Valerie married in 1993. Represented by counsel, Valerie petitioned to dissolve her marriage to Kevin in May 2012. Two days later, Kevin, received notice and accepted service. Kevin later testified that Valerie's desire for a divorce caught him off guard and his "mind just went blank." When the time to file an answer elapsed with no action, Valerie presented Kevin with a stipulation and agreement dividing the parties' property. The stipulation waived the requirement to disclose their financial status under Iowa Code section 598.13 (2012). Kevin recalled being "still in shock" when he received the stipulation. And without talking to a lawyer, he signed it before a notary at his office. The parties also signed a joint motion to waive the ninety-day waiting period. Attached to the waiver was an affidavit signed by Kevin explaining that time was critical because

he had made an offer on a house and the financing depended on the divorce decree. Neither party submitted affidavits of financial status.

Two months later, the district court approved the parties' stipulation and incorporated its provisions into the decree. The decree awarded Valerie the marital home, subject to the mortgage, and one rental property. Kevin received the "Riverside house" in Sioux City and another rental property. Kevin and Valerie each received one-half interest in a third rental property. The decree also awarded Valerie a car and a camper, while Kevin took two cars and several recreational and utility vehicles. Each party received their own retirement accounts. A savings account valued at $15,000 was divided equally between them. Each party retained their individual checking accounts.

In January 2020—seven and a half years later—Kevin petitioned to correct, vacate, or modify the decree under Iowa Rule of Civil Procedure 1.1012, or in the alternative to grant a new trial based on fraud or newly discovered evidence. Kevin argued the property division was unfair because Valerie failed to disclose assets during the divorce. In his accounting of those assets, he lists premarital investments he made in their home; a pick-up truck Valerie purchased just before the divorce; various bank accounts; a health savings account; three timeshares; and money she received when he sold one of his guns.[1]

---

[1] Kevin also complains that after it became clear their son was not going to college, Valerie kept money they had paid into his college savings account. He argues Valerie never repaid any child support, though she said she had. Finally, he argues the parties agreed that he would take certain personal property, but Valerie never gave it to him. Because these arguments are extraneous to Kevin's claim of asset nondisclosure, we do not consider them.

The court held a hearing in August 2021 and ruled that Kevin's petition was untimely and did not fall under the equitable exception for claims involving extrinsic fraud. Kevin appeals.

## II. Scope and Standards of Review

We review a motion to modify a final order for fraud under Iowa Rule of Civil Procedure 1.1012 for errors at law. *In re Marriage of Cutler,* 588 N.W.2d 425, 429–30 (Iowa 1999) (citing former Iowa R. Civ. P. 252(b)). This is true even if the judgment was rendered in an equity case. *In re B.J.H.*, 564 N.W.2d 387, 391 (Iowa 1997). By contrast, we review an independent equitable action to modify a decree based on fraud de novo. Iowa R. App. P. 6.907; *In re Marriage of Hutchinson*, 974 N.W.2d 466, 474 (Iowa 2022). We give weight to the district court's factual determinations but are not bound by them. *Hutchinson*, 974 N.W.2d at 474.

## III. Analysis

When a dissolution decree is not appealed, "its property division is not subject to modification unless it falls under one of two exceptions." *Hutchinson*, 974 N.W.2d at 469. First, Iowa Rule of Civil Procedure 1.1012(2) enables a court to "correct, vacate or modify" a decree due to "fraud practiced in obtaining it." But the window for seeking that remedy is one year. *See* Iowa R. Civ. P. 1.1013(1). Waiting more than seven years, Kevin moved too late to file an action at law. *See Hutchinson*, 974 N.W.2d at 474. But, second, common law allows him to bring an independent action in equity beyond the one-year deadline if the fraud underlying his claim is extrinsic to the original matter. *See id.* at 469; *Carter v. Carter*, 957 N.W.2d 623, 645 (Iowa 2021). By contrast, if the fraud is intrinsic, the equitable

action is unavailable and rule 1.1013 continues to bar claims made after one year. *See Hutchinson*, 974 N.W.2d at 475.

Recently, our supreme court reiterated the difference between intrinsic and extrinsic fraud.[2] *Id.* at 476. Intrinsic fraud "inheres in the issues submitted to and decided by the court." *Id.* (quoting *Stearns v. Stearns*, 187 N.W.2d 733, 735 (Iowa 1971)). It occurs within the trial and affects the court's determination of the issues presented. *See id.* Oft cited examples include "perjury, . . . false or forged instruments, or . . . concealment or misrepresentation of evidence." *Mauer v. Rohde,* 257 N.W.2d 489, 496 (Iowa 1977) (citation omitted). Extrinsic fraud does not involve the merits of a case but "prevent[s] a fair submission of the controversy." *In re Marriage of Short*, 263 N.W.2d 720, 723 (Iowa 1978). Examples feature "a bribed judge, dishonest attorney representing the defrauded client, or a false promise of compromise." *Mauer,* 257 N.W.2d at 496.

After examining the two fraud types, our supreme court held that "asset nondisclosure on a stipulation is intrinsic fraud." *Hutchinson*, 974 N.W.2d at 481. As in *Hutchison*, Kevin's allegations involve intrinsic, not extrinsic, fraud.[3] Kevin asserts Valerie concealed facts about their financial holdings. Even if true, such fraud would have occurred inside the divorce action and related to the issues

---

[2] Critics bemoan the "unsound" distinction between the two fraud types, describing them as "difficult to understand and apply." *Hutchinson*, 974 N.W.2d at 487 n.10 (McDonald, J., dissenting) (quoting 11 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2861, at 426 (2012)). Nonetheless, our supreme court accepts the distinction, so we operate under that framework.

[3] We recognize neither the parties nor the district court had the advantage of the *Hutchinson* analysis at trial or during briefing. But that case clarified existing law on asset nondisclosure in dissolution cases—law which the district court understood and correctly applied.

decided by the court. *See id.* Therefore, an equitable action was unavailable to Kevin.[4] Because he did not challenge the alleged fraud within one year of the decree, the court correctly determined his claim is time-barred.

**AFFIRMED.**

---

[4] Because we find the alleged fraud was intrinsic, we need not decide whether Kevin could have discovered the concealed assets if he had exercised reasonable diligence. *Hutchinson*, 974 N.W.2d at 475.